State v. Holland.

THE STATE v. HOLLAND, Appellant.

Division Two, March 12, 1901.

**Appellate Practice:** NO JUDGMENT OR SENTENCE: MOTION FOR REHEARING. When the appellate court's attention is called to the fact, for

the first time in a motion for rehearing, that no judgment was rendered against, and no sentence passed upon, defendant in the trial court, the submission of the case will be set aside, the motion for rehearing denied, and the cause remanded to the trial court with directions to enter up judgment on the verdict and pass sentence on defendant, as required by law.

Appeal from Buchanan Criminal Court.—*Hon. B. J. Casteel,* Judge.

REMANDED (*with directions*).

*Huston & Brewster* and *W. B. Norris* for appellant.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

SHERWOOD, P. J.—A motion for rehearing has been filed in this cause, which discloses the fact, a fact verified by the certificate of the clerk of the trial court, that *no judgment was rendered against, nor sentence passed upon, defendant in this cause in the trial court,* notwithstanding the fact that a motion for a new trial, as well as a motion in arrest, were filed and overruled in the trial court, and notwithstanding the further fact that an affidavit for appeal was filed and allowed in such trial court, and bond given by defendant in such court for defendant's appearance in this court. The clerk was not in his duty when he sent up the transcript in a cause wherein no judgment was rendered, nor sentence imposed. Nor was the judge of that court acting in compliance with his duty in the premises, since section 1594, Revised Statutes 1899, prescribes, "it shall be the special duty of every judge of a court of record to examine into and superintend the manner in which the rolls and records of the court are made up and kept; to

prescribe rules that will procure uniformity, regularity and accuracy in the transaction of the business of the court." Nor did counsel for the defense do their duty in failing to notice that no judgment was rendered against nor sentence passed upon their client. Nor did they treat this court fairly when they failed to call our attention to the omission under comment. Seeing a transcript in ordinary form before us, we had a right to assume that it came here under proper conditions and not otherwise.

In these circumstances, the submission will be set aside, the motion for rehearing denied, and the cause remanded to the trial court with directions to enter up judgment on the verdict and pass sentence on defendant as required and provided by law.   [State v. Shea, 95 Mo. loc. cit. 95; 1 Bishop Crim. Proc., sec. 1293; McCue v. Com., 78 Pa. St. 185; Jewell v. Com., 10 Harris, 94; State v. McClain, 137 Mo. loc. cit. 317.]

All concur.