## THE STATE v. GULLIC, Appellant.

### Division Two, December 2, 1902.

Criminal Law: APPEAL: NO ENTRY OF JUDGMENT OR SENTENCE IN TRAN-
SCRIPT: SUBMISSION SET ASIDE.   Where the transcript in a criminal
case contains neither an entry of judgment against, nor of sentence
passed upon, the defendant, the submission of the cause will be set
aside and the cause remanded to the trial court with directions to
enter up judgment on the verdict and pass sentence on defendant as
provided by law.

Appeal from Oregon Circuit Court.—*Hon. W. A. Evans,* Judge.

REVERSED AND REMANDED (*with directions*).

*S. M. Meeks & H. D. Green* for appellant.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

SHERWOOD, P. J.—Indicted for murder in the first degree, for that he shot to death with a revolver one J. P. Stith, defendant was found guilty of manslaughter in the fourth degree and his punishment assessed at two years' imprisonment in the penitentiary. At the last term of this court, we affirmed the judgment of the trial court on the grounds that the bill of exceptions lacked proper authentication, and that there was no error in the record proper, and so stated in an opinion filed at that term.

Since then, however, we have discovered that the transcript contains neither an entry of a judgment against, nor of sentence passed upon, defendant.   In consequence of this discovery, and pursuing the like course as pursued in State v. Holland, 160 Mo. 667, we

order the submission set aside, and remand this cause to the lower court, with directions to enter up judgment on the verdict and pass sentence on defendant, as required and provided by law.

All concur.