BAKER, Appellant, v. CITY OF ST. LOUIS et al.

**Division One, June 15, 1905.**

1. **FINAL JUDGMENT.** There can be but one final judgment in a civil action, and it must dispose of all the parties to the cause.

2. ————: **Dismissal As To Some: Motion to Reinstate.** Plaintiff sued a city and certain of its officers for the death of two of her children, alleged to have been caused by noxious diphtheria antitoxin furnished her by the city. The answer of the bacteriologist was a general denial; the other defendants filed a demurrer, which was sustained and judgment rendered in their favor. Thereupon plaintiff dismissed her cause of action as to the bacteriologist, and the other defendants filed a motion objecting to the action of the court in permitting the cause to be dismissed as to him, alleging that the plaintiff's cause of action, if any, arose out of his wrongful and unauthorized acts, and asking that the cause be reinstated and he be made a party as contemplated by Laws 1901, p. 78; and this motion remains undisposed of. *Held*, that there had been no final judgment in the cause, and plaintiff's appeal is premature.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald*, Judge.

APPEAL DISMISSED.

*Chas. W. Bates* and *Wm. F. Woerner* for respondents on motion to dismiss appeal.

The plaintiff had no right to dismiss as to defendant Ravold (against objection of the city of St. Louis) while at the same time attempting to hold the city of St. Louis on the same cause of action. Laws 1901, p. 78. But at all events the attempted dismissal never became consummate. The stipulation correcting the record shows that the motion of respondents in the trial court (to require defendant Ravold to remain a defendant so long as the city was a party) was never

passed on.   The city had a right to have the point made against plaintiff's right to dismiss at least passed on by the lower court.  There being no final disposition as to defendant Ravold, the appeal as to the other defendants is prematurely taken, and the motion filed here to dismiss the appeal  on  that ground should be sustained, as the action of the court in sustaining the demurrers of these respondents and rendering judgment thereon, did not dispose of the cause as to the other defendant, and no appeal lies until final disposition is made as to every defendant.   Rock Island Imp. Co. v. Marr, 168 Mo. 256; Russell v. Railroad, 154 Mo. 431.

*Jamison & Thomas* for appellant on motion to dismiss appeal.

Respondents' motion to dismiss appeal rests first, upon the theory that there was no final judgment as to defendant Ravold.   The record shows that final judgment was entered in favor of said defendant.   The ruling of the court in permitting the dismissal as to Ravold might by exception be taken advantage of by respondents, but it cannot be contended that there was no final judgment as to him.   It will be noted that the statute relied upon (Laws 1901, p. 78), does not compel the joining of the other party as defendant, but merely provides that suit shall not be prosecuted against the city, until such party is brought in.   Hence, if respondents  have  any  advantage  in  the  dismissal as to Ravold, they may take it only by objecting-to further proceeding, should the case be reversed and further prosecuted in the lower court.

BRACE, P. J.—This is an action by Minnie A. Baker, plaintiff, against the City of St. Louis and the following officials of said city, viz.:  Amand Ravold, Bacteriologist; William C. Tiechman,  City  Chemist;

Max C. Starkoff, Health Commissioner; and Rolla C. Wells, Max C. Starkoff, Joseph L. Hornsby, Andrew F. Blong, Albert N. Merrill and Henry N. Chapman, members of the Board of Health of said city, defendants.

The petition is in five counts. The first and second each ask $5,000 damages for the death of two of plaintiff's minor children, and the other three counts each ask $2,000 damages on account of sickness of three of plaintiff's children, all caused, it is alleged, by the negligence of defendants in furnishing plaintiff with improperly prepared and noxious diphtheria antitoxin.

The answer of defendant Ravold to the petition was a general denial. The other defendants demurred thereto, their demurrer was sustained, and judgment thereon rendered in their favor. Thereupon plaintiff dismissed as to Ravold, and the defendants other than Ravold filed the following motion:

"Now come all the defendants in the above-entitled cause (except Amand Ravold), and particularly the city of St. Louis, and object to, and except to, the action of the court in permitting the plaintiff to dismiss the cause as to Amand Ravold, and move the court to set aside said dismissal, for the following reason, to-wit:

"It appears from plaintiff's petition that the alleged cause of action sued for arises from the wrongful and unauthorized acts and carelessness and negligence of said Ravold, if there be any liability at all on the part of any of the defendants; and that by reason thereof only is the city of St. Louis made a party to the cause. It further appears that said Ravold was duly subject to service in this State and actually had been served by the plaintiff, and is a codefendant contemplated by Laws 1901, pp. 78-79; and that the defendant city of St. Louis has a right, and hereby insists, on said Ravold being retained as a defendant in this cause so long as it, the said city of St. Louis, remains party

thereto, and plaintiff having voluntarily brought said Ravold into the case as a party thereto, will not now be permitted to dismiss as to him and thereby compel this defendant to go through the useless formality of again making him a party thereto as provided in said act above referred to.''

And thereafter on the same day without any disposition having been made of this motion, the plaintiff perfected her appeal.

As this motion is still pending in the circuit court, there has been no final disposition of the case as to the defendant Amand Ravold, and as there can be but one final judgment in a civil action, which must dispose of all the parties to the cause, the appeal was prematurely taken, and must be dismissed. [Rock Island Imp. Co. v. Marr, 168 Mo. 252; Seay v. Sanders, 88 Mo. App. 478.] For this reason the motion of respondents to dismiss the appeal will be sustained and the appeal dismissed.

All concur.