THE STATE v. GEORGE G. HODGES, Appellant.

Division Two, December 10, 1907.

**APPEAL: No Final Judgment.** An appeal before final judgment is premature; and where the record discloses no final judgment rendered, a submission of the cause on appeal will be set aside, and the cause remanded with directions to render judgment upon the verdict.

Appeal from Shannon Circuit Court.—*Hon. Wm. N. Evans*, Judge.

REMANDED (*with directions*).

*E. J. Shuck* and *Clark & Yount* for appellant.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

FOX, P. J.—The defendant in this cause was charged in the circuit court of Shannon county with throwing dynamite in certain waters of this State, whereby the fish in said waters might have been killed, injured or destroyed, and whereby a large quantity of fish in said waters were killed, caught and taken from said waters, in violation of section 7456, Revised Statutes 1899. The defendant was convicted of said offense and fined in the sum of $100, and the cause is pending in this court upon appeal from the verdict of the jury returned in said cause.

The index to the record in this cause designates that the judgment may be found on page 3 thereof. Doubtless this erroneous index occasioned the misapprehension by the Attorney-General as well as counsel for appellant as to what the record really disclosed. Counsel on both sides submitted this case upon the idea that a final judgment had been rendered. We considered the questions presented to our consideration by the briefs of the Attorney-General and counsel for appellant and handed down, at our last sitting, the conclusions reached upon those questions. The clerk of this court, since the last sitting of this division, has called our attention to the fact that the record fails to disclose any final judgment rendered in this cause. Upon this state of the record it is apparent that this appeal was prematurely taken. Appeals in cases of this character are only provided for from final judgments. Adopting the course of procedure which is fully recognized in State v. Holland, 160 Mo. 667; State v. McClain, 137 Mo. 1. c. 317; State v. Shea, 95 Mo. 1. c. 95; State v. Gullic, 170 Mo. 334; State v. Hesterly, 178 Mo. 1. c. 48; State v. Clapper, 196 Mo. 42; State v. George,

207 Mo. 16; and State v. Smith, 207 Mo. 24, it is ordered that the opinion filed in this cause be withdrawn and the submission of this appeal be and is hereby set aside and the cause remanded to the circuit court with directions that the defendant be brought into court and that the court enter up judgment against him upon the verdict as returned by the jury in this cause.

All concur.