## LINCOLN A. LOWE, Appellant, v. JOHN W. FREDE, Respondent.

### Kansas City Court of Appeals, December 5, 1910.

1. **NEW TRIAL: Appeal.** No appeal lies from an order overruling a motion for new trial.

2. **APPEAL: Jurisdiction.** Where the plaintiff's petition claims judgment beyond the jurisdiction of the Court of Appeals and the verdict is for the defendant and the plaintiff's motion for new trial is overruled and appeal taken from such order to the Court of Appeals, the latter has not jurisdiction to dismiss the appeal, though improperly taken, and the case should be transferred to the Supreme Court.

Appeal from Atchison Circuit Court.—*Hon. Wm. C. Ellison,* Judge.

TRANSFERRED TO THE SUPREME COURT.

*H. B. Williams, L. J. Miles* and *Jno. W. Stokes* for appellant.

(1) In view of the evidence confined to the altercation on the sidewalk, or outside of defendant's building, to which plaintiff elected to submit to the jury that issue only, and the instruction given on part of defendant, it is hard to reconcile defendant's instruction with the instruction given on part of plaintiff. In the plaintiff's instructions the jury are directed to confine their investigation to the occurrence on the outside of the building, and those instructions on the part of plaintiff were in harmony with the trial court's theory of the case as evidenced by his ruling—plaintiff to elect upon which of the altercations he would proceed, the court holding that there was two independent offenses—the one in the building and the other on

the outside. The evidence shows that the defendant struck, jerked and wrenched plaintiff without any legal justification therefor (all occurring on the outside of the building) other than abusive language used by Lowe toward Frede. "No epithets by one man to another, however obscene, indecent or abusive, can justify either man in the laying violent hands upon the other." Yager v. Berry, 82 Mo. App. 534. (2) Under the pleadings in this case there could be no justification, as we understand the law to be that there are but three defenses that may be set up. One is "Not guilty," the other is *"manus molliter impusuit"* and the third is *"son assault demesne,"* neither of which is set up in the case, but defendant contented himself with a general denial. Orchelen v. Scott, 90 Mo. App. 352. (3) There being no justification for the assault, either set up in the pleadings or proved in developing plaintiff's case, plaintiff is at least entitled to nominal damages. "Where a legal right has been invaded nominal damage may be recovered without proving actual damage." Lampert v. Drug Co., 119 Mo. App. 693; Burdall v. Johnson, 122 Mo. App. 119; O'Leary v. Rowan, 21 Mo. 117; Sloan v. Speaker, 63 Mo. App. 321. (1) Words of provocation and insult will not mitigate compensatory damages resulting from an assault. Yeager v. Berry, 82 Mo. App. 534.

*L. D. Ramsay* and *Lee Mullins* for respondent.

(1) I do not challenge the correctness of appellant's abstract and in such cases the court will accept it as correct and look to it alone for the record of the case. When there is no counter-showing made, the court is bound by the recital of the appellant's abstract. Ricketts v. Hart, 73 Mo. App. 648. (2) This abstract shows no judgment in the case, and of course he appealed from the order of the court, overruling his

motion for a new trial, as he states on the first page
of his book, at the beginning of his statement, but, by
our statute, section 806, R. S. 1899, says you cannot
appeal unless judgment is rendered. You may appeal
from an order granting a new trial, because the statute
says so, but it does not say you may appeal from an
order overruling the motion, and that section of the
statute enumerates all our rights and excludes all not
so enumerated. With no judgment, appeal should be
dismissed. Herrman v. Daily, 74 Mo. App. 505. (3)
The court very fully and fairly gave appellant all nec-
essary instructions applicable to the difficulty on the
outside of the house, the only one submitted, and they
are so plain that no juror was misled. They all under-
stood them, and respondent was given no instruction
whatever as to the only difficulty on trial, but in-as-
much, as all witnesses testified to all that took place,
both in the house and out of the house, and the matter
was all mixed and mingled together, so that the jury
was very likely to become confused, it became the duty
of the court to give the cautionary instruction given
to the respondent, the only one he received in the case.
Of course, such evidence, all mixed up and given at
one hearing, might mislead the jury. See? Even
counsel for appellant became mixed on it and unin-
tentionally parade it in this court on page 14 of his
book, about the center of the page, where they get in
the jerking and wrenching and hurting, which all the
evidence confines to what took place on the inside of
the house. The court was justified, under such circum-
stances, in giving us that, our only instruction in the
case, as a caution against outside matter inseparably
blended with the evidence on the difficulty being tried.
"It is not only the office of instructions to inform the
jury as to the law of the issues raised, but when the
evidence is of such a character as might easily lead to
the raising of false issues," the rule is that the court

ought to guard against such an issue by appropriate instructions. Estes v. Shoe Co., 155 Mo. 577. (4) The instruction is right in the abstract and could not mislead. Beryamine v. Railroad, 133 Mo. 274; Meyers v. Railroad, 59 Mo. 223. (5) Appellant introduced all the mixed testimony, and made no election until the evidence was all in. Leeper v. Poschal, 70 Mo. App. 117.

ELLISON, J.—Plaintiff's action is for assault and battery, in which he prays judgment for fifteen thousand dollars compensatory and fifteen thousand dollars exemplary damages, making a total of thirty thousand dollars which he seeks to recover. There was a trial and a verdict for the defendant. Plaintiff then, in due time, filed a motion for new trial and this was overruled. No judgment was rendered for defendant and plaintiff took his appeal from the order overruling the motion for new trial. The statute (sec. 806, R. S. 1899, sec. 2038, R. S. 1909) authorizes an appeal from an order granting a new trial, but not where a new trial is refused. Plaintiff's appeal is therefore without legal right or authority.

We would dismiss the appeal but for the fact that we are without jurisdiction. The sum in controversy is the amount of plaintiff's claim, which, as already stated, is thirty thousand dollars. That sum is beyond our jurisdiction and is in that of the Supreme Court, to which we will order the cause transferred. All concur.