W. ALBERT KARABACEK v. O. H. RICHARDS, Administrator, Respondent, And HARRY TROLL, Administrator, Appellant.

Division Two, April 8, 1913.

1. INTERPLEADER: Dismissed as to One Defendant: No Right of Appeal to Other Defendant. An order of the circuit court in an interpleader suit that "the court, having heard and duly considered defendant O. H. Richard's plea to the·jurisdiction . . . doth order that the same be, and is, hereby sustained, and that this cause be, and the same is hereby dismissed as to said defendant," was not a final judgment as regards the other defendant, and the other defendant cannot appeal therefrom.

2. ————: ————: ————: Sec. 2088, R. S. 1909: Not Party Aggrieved. A defendant in an interpleader suit cannot appeal from an order of court dismissing the cause as to the other defendant on his plea to the jurisdiction. He is not "aggrieved" thereby within the meaning of Sec. 2038, R. S. 1909.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

APPEAL DISMISSED.

*Henderson, Marshall & Becker* for appellant.

(1) A final judgment is such as disposes of the case (not necessarily the controversy) and leaves the parties powerless to proceed further in that court. 23 Cyc. 665, 672; Gawtry v. Adams, 10 Mo. App. 29. (2) The appellant had a right to appeal from the judgment of the circuit court, dismissing the case. Sec. 2038, R. S. 1909; Stid v. Railroad, 211 Mo. 418; Thomas v. Elliott, 215 Mo. 603. The statute has been held to mean that the party aggrieved is one who is affected by the judgment. McMurray v. Bank, 74 Mo. App. 394; Thomas v. Elliott, 215 Mo. 598. And also that any person having a substantial interest in the sub-

ject-matter may appeal. Nolan v. Johns, 108 Mo. 431; In re Switzer, 201 Mo. 66. And further, that the right of appeal is not limited to those who are, parties on the face of the record. State ex rel. v. Horner, 16 Mo. App. 197. The motion to dismiss the appeal should therefore be overruled.

*William F. Woerner* for respondent.

(1) An appeal is allowed only to a "party to a suit aggrieved by any judgment," etc. A defendant in an interpleader suit wherein the plaintiff asks for relief cannot complain because of a holding that his codefendant is not within the court's jurisdiction. The plaintiff, but not either defendant, could have complained of a ruling (if it had been erroneous, which, however, it was not) that practically cut the ground from under plaintiff's prayer for an order of interpleader against the defendants, as the bill was filed by plaintiff to obtain such relief. And he could have dismissed the bill at will without consulting the defendants or either of them, and the latter could not complain. It was not filed for Troll's benefit. The latter is not in law aggrieved because the relief asked against him is not granted the plaintiff. The bill of interpleader has never passed the initial stage wherein plaintiff alone is affected. The defendants have never been required to interplead, so that Troll has never asserted any right or asked any relief, and hence none was denied him. On the record the failure to require an interpleading by defendants is rather in his favor than a decision adverse to him. At all events nothing was done in the slightest way adversely affect- ing any of Troll's rights or interests. He is not a party aggrieved. Only an aggrieved party can appeal. R. S. 1909, sec. 2038; State ex rel. v. Talty, 139 Mo. 379; McMurray v. Bank, 74 Mo. App. 394; Christopher

249 Mo.—39

v. Kelly, 91 Mo. App. 93; 2 Cyc. 631, 633; Woerner on Administration, sec. 544. (2) Even if Troll had been an aggrieved party, yet the record does not show any final judgment for or against him or anybody else, nor even any final disposition of the case. No judgment against Troll is appealed from, not even an order of dismissal. An appeal will not lie under these conditions. R. S. 1909, sec. 2038; Baker v. St. Louis, 189 Mo. 375; Dale v. Copple, 53 Mo. 321; Imp. Co. v. Marr, 168 Mo. 252; State ex rel. v. Mosman, 231 Mo. 474.

WILLIAMS, C.—This is an interpleader suit, instituted in the circuit court of the city of St. Louis. Plaintiff's petition alleges that he is a resident of St.

**Interpleader.** Louis, and that on October 30, 1903, he borrowed $7800 of one Peter Meier, executing his note therefor, which note was secured by deed of trust on certain real estate in the city of St. Louis; that said note is due and unpaid, and that said Peter Meier, the owner of said note, died August 6, 1908, then and there being a resident of Jersey county, State of Illinois. That defendant O. H. Richards was duly appointed administrator *c. t. a.* of said estate in Illinois, and in such official capacity claims to have possession of said note, and has demanded that payment of said note be made by plaintiff to him as such Illinois administrator. That afterwards, defendant Harry Troll, public administrator of the city of St. Louis, Mo., applied to the probate court of said city for letters of administration upon the estate of said Peter Meier, deceased, and that on or about September 12, 1908, letters of administration on said estate were duly issued by the probate court to defendant Troll, who thereafter, in his official capacity as such administrator, claimed and demanded that the fund aforesaid be paid to him. That the Illinois administrator claims the right to collect said debt, by reason of the fact that said note was in the possession

of said Meier at the time of his death, and has since passed to the possession of, and is now held by, him as such administrator. That the Missouri administrator claims the right to collect said debt, because the same is secured by deed of trust upon property located in the city of St. Louis, Mo., and that the situs of the debt is in St. Louis, Mo., and belongs to him in his official capacity as the Missouri administrator of the estate of said deceased. Plaintiff then offers to pay the fund to the clerk of the court as soon as the court has acquired complete jurisdiction of the parties; prays that said defendants be brought into court to interplead for said fund, etc., and that defendants be restrained from commencing any action or actions against plaintiff in respect to the above matter.

The bill is duly verified, and the plaintiff by affidavit states that the bill is not filed in collusion with either of the defendants, and that defendant O. H. Richards, administrator, is a non-resident of the State of Missouri and cannot be served with the ordinary process of law in this State.

Defendant Troll, administrator, etc., was personally served with process, and defendant Richards, administrator, etc., was notified of the suit by an order of publication duly published. Defendant Troll filed answer and interplea setting up his claim to the fund and the right to administer thereon. Defendant Richards, by limited and special appearance, filed his plea to the jurisdiction, alleging his non-residence, and that it was not competent for the court to obtain jurisdiction of the person in a cause of the nature of the present suit merely by publication, and moved the court to dismiss the cause for lack of jurisdiction over him. The circuit court, passing upon the plea to the jurisdiction, made the following order:

"The court, having heard and duly considered defendant O. H. Richards', administrator's, plea to the jurisdiction of the court heretofore filed herein,

does order that the same be, and is, hereby sustained, and that this cause be, and the same is hereby, dismissed as to said defendant.''

Thereupon defendant Troll, appellant, filed affidavit for an appeal to this court. No further order or judgment was made or entered by the court, except the order granting an appeal to this court and the order allowing the filing of bill of exceptions.

Defendant Richards has filed in this court a motion to dismiss the appeal, stating as grounds therefor, (1) that the judgment or order appealed from is not a final judgment, within the meaning of section 2038, Revised Statutes 1909, and (2) that the appellant is not an ''aggrieved party,'' within the meaning of said section, and is not therefore entitled to take an appeal.

Appellant files suggestions in opposition to the motion to dismiss the appeal, and assigns as error the circuit court's action in sustaining the plea to the jurisdiction.

There was no final judgment of the circuit court as against appellant. So far as the record shows, the suit is still pending against him in the circuit court, and no disposition of the case as to him has been made. ''The rule of appellate practice is well settled in this State that a judgment entry is not final so as to authorize an appeal unless it makes some disposition of all the parties to the record.'' [Rock Island Implement Co. v. Marr, 168 Mo. 252.] But even assuming, *arguendo*, that the order made did amount to a final judgment in the cause, yet appellant was not a party such as was ''aggrieved'' thereby, within the meaning of section 2038, Revised Statutes 1909. The *claimant* cannot demand as a matter of right that his claim be tried and satisfied by an interpleader suit. He cannot even enter into collusion with the stakeholder or debtor for that

*Dismissed as to One Defendant: Right of Appeal.*

*Party Aggrieved.*

purpose, and the settled practice in such suits requires that plaintiff shall accompany his bill with an affidavit that "the suit is not brought in collusion with either of defendants." [4 Pomeroy's Eq. Juris. (3 Ed.), sec. 1328.] The benefits of such a proceeding are for the plaintiff's protection, due to the peculiar situation he is in with regard to the debt he owes or the stake he holds, and he alone is aggrieved if the judgment denies him the right to the protection and benefit of such a suit. "The supreme object of an interpleader is to protect the plaintiff, the stakeholder, and not the claimants against him." [5 Pom. Eq. Juris. (3 Ed.), sec. 39.] Especially is this true with reference to the first stage of the interpleader proceeding, beyond which this suit has not progressed. "When a bill of interpleader is dismissed upon the demurrer of one only of the defendants, the other defendant cannot appeal from such decision. He is not prejudiced, for it is still open to him to sue the person holding the subject-matter in dispute." [Maclennan on Interpleader, p. 328.] Defendants in interpleader suits cannot appeal from judgments dismissing the bill of interpleader. [13 App. Cases D. C. 202; 4 Am. and Eng. Ency. Law and Prac., p. 82.]

The appeal is dismissed. *Roy, C.,* concurs.

PER CURIAM.—The above opinion by WILLIAMS, C., is adopted as the opinion of the court. All the judges concur.