Koeln v. Gould.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.

EDMOND KOELN et al., Appellants, v. GEORGE J. GOULD, Trustee.

**Division Two, July 14, 1914.**

**APPEAL: No Final Judgment: Order to Quash Service as to One Defendant.** A judgment entry is not final so as to authorize an appeal unless it makes some disposition of all the parties to the record. So, where, in a suit against several defendants, one appeared and filed answer, and another, a non-resident, appeared specially and the service against him was quashed upon his motion, there can be no appeal from the trial court's action in overruling plaintiff's subsequent motion to vacate the order sustaining the motion to quash, the cause remaining undisposed of as to the defendant who filed answer.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

APPEAL DISMISSED.

*H. K. Bunch* and *E. C. Dodge* for appellants.

*James F. Green* for respondent.

WILLIAMS, C.—This is an action in ejectment instituted in the circuit court of the city of St. Louis. The petition names as defendants the following: Jay Gould, Estate, George J. Gould, Trustee, Michael Hamill and Louis Grossgloss. Personal service was had in the State of Missouri upon defendant Grossgloss, who appeared and filed his answer in the cause. It further appears that plaintiffs filed an affidavit stating that defendant Gould was a non-resident of the State of Missouri and that the ordinary process of law could not be served upon him in this State; that thereupon a sum-

*Appeal: No Final Judgment.*

mons was issued for defendant Gould and sent to the State of New York, where it was served. Later said Gould appearing specially filed a motion to quash said summons and the service thereon for reasons therein stated. The court sustained the motion to quash. Later plaintiffs filed a motion to vacate and set aside the order of the court sustaining the motion to quash. The motion to set aside was overruled by the court. Thereupon plaintiffs filed an affidavit for an appeal and the court allowed an appeal to this court. The cause remains pending in the circuit court, undisposed of as to the defendant who filed answer.

This appeal must be dismissed for the reason that there was no final judgment entered in the cause from which an appeal could be taken. [Sec. 2038, R. S. 1909.] ''The rule of appellate practice is well settled in this State that a judgment entry is not final so as to authorize an appeal unless it makes some disposition of all the parties to the record.'' [Rock Island Implement Co. v. Marr, 168 Mo. 252, l. c. 257; Baker v. St. Louis, 189 Mo. 375; Karabacek v. Richards, 249 Mo. 608.] The appeal is dismissed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of Williams, C., is adopted as the opinion of the court. All the judges concur.