ARCADIA TIMBER COMPANY et al., Appellants, v. JOE EVANS.

Division Two, July 28, 1924.

1. **APPEAL: Unauthorized: From Order Denying New Trial: No Judg-ment.** Where the jury returned a verdict in an action to determine title, finding that defendant was entitled to the whole of the land sued for, although in his answer he asserted ownership of only a part of it, and no judgment was entered, but the plaintiff filed mo-tions for a new trial and in arrest, which being overruled he was granted an appeal from the order overruling his motions, the ap-

Arcadia Timber Co. v. Evans.

peal must be dismissed.  The statute authorizes an appeal from a final judgment, or from an order granting a new trial, but not from an order denying a new trial.  The cause is still pending in the circuit court, and the appeal is dismissed.

Held, by WHITE, J., dissenting, that, whether the verdict be according to the answer or in excess of it, the plaintiff has the right to have a judgment entered according to the verdict, so he may appeal from it, and the cause is not pending in the circuit court except for the purpose of rendering a judgment on the verdict, and this court should not dismiss the appeal, but remand the cause in order that such judgment may be rendered, as it does in criminal cases.

2. ———: ———: ———: ———: Unauthorized Verdict.  A verdict by which the jury found that the defendant was the owner of the entire tract of land described in the petition, when in his answer he had asserted ownership of only a fraction of the tract, is a legal abortion, and no judgment can be rendered upon it, and no judgment having been rendered the court cannot, upon plaintiff's appeal from an order overruling his motion for a new trial, remand the cause in order that a judgment may be entered according to the verdict, but must simply dismiss the appeal.

Held, by WHITE, J., dissenting, that if the case is still pending in the circuit court, there is nothing to dismiss, nor can any error in the verdict be considered; but the true practice is to consider the appeal as so far pending as to determine that it was premature, because no judgment had been rendered, and to remand the cause with directions to enter judgment in accordance with the verdict.

Headnotes 1 and 2:   Appeal and Error: 1, 3 C. J. sec. 337;   2, 4 C. J. sec. 3096 (1926 Anno).

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker*, Judge.

DISMISSED.

*Hugh B. Pankey* for appellants.

*Hall & Billings* for respondent.

HIGBEE, C.—This is an action to determine title to lot 2 of the southeast quarter of Section 13, Township 18 North, of Range 9 East, in Dunklin County. The answer pleads title by adverse possession to an irregularly shaped portion of the tract sued for, described by metes and bounds, and containing fourteen acres more or less. The cause was tried to a jury, who returned the following verdict: "We, the jury, find the issues joined in the above entitled cause for the defendant, to-wit: That the defendant is the owner of the premises described in the petition and in the evidence, by adverse possession." The plaintiff filed motions for new trial and in arrest, which were overruled and an appeal was granted to this court.

It appears from the short transcript, as well as from the printed abstract of the record, that judgment was not entered upon the verdict. Plaintiffs took an appeal from an order overruling their motion for a new trial. The statute authorizes an appeal from a final judgment, or from an order granting a new trial, but not from an order refusing a new trial. [Sec. 1469, R. S. 1919.] The right of appeal is purely statutory; no right of appeal existed at common law. [Millar v. St. Louis Transit Co., 216 Mo. 99, 103, 115 S. W. 521; Doe Run Lead Co. v. Maynard, 283 Mo. 646, 670, 223 S. W. 600, 606; Bonfils v. Martin's Food Service Co., 253 S. W. (Mo.) 982.] The general rule is that a verdict without a judgment entered upon it is of no validity. [23 Cyc. 1123.] "Matters in litigation between parties do not become adjudicated until the judgment is rendered." [Gann v. Dearborn Mfg. Co., 129 Mo. App. 425, 429, 107 S. W. 15.] The judgment must appear in the record or transcript filed in the appellate court. [Sec. 1479, R. S. 1919.] The appeal is unauthorized and must be dismissed. The case is still pending in the circuit court. [Lowe v. Frede, 151 Mo. App. 569, 572, 132 S. W. 274; Rock Island Imp. Co. v. Marr, 168 Mo. 252, 257, 67 S. W. 586; Baker v. St. Louis, 189 Mo. 375, 378, 88 S. W. 74; Cramer v. Bar-

mon, 193 Mo. 327, 334, 91 S. W. 1038; Karabacek v. Richards, 249 Mo. 608, 618, 155 S. W. 777; Koeln v. Gould, 260 Mo. 499, 500, 168 S. W. 1140.]

There is a line of cases, however (State v. Holland, 160 Mo. 667, 61 S. W. 620, and State v. Hewitt, 246 S. W. (Mo.) 546 and cases cited), holding if the trial court fails to enter judgment on the verdict the approved practice is to remand the case with directions to enter a judgment on the verdict as rendered. Whatever may be said in favor of that practice, the learned writers of the opinions in those cases did not have under consideration a case like the present one. The verdicts in those cases were regular and responsive to the issues. The verdict in this case is a legal abortion; the jury found that the defendant was the owner of the entire tract described in the petition, when the issue submitted was as to the ownership of only a fraction thereof. The verdict should have been rejected. ''A verdict is the determination of the jury upon the facts in issue in a cause.'' ''Whatever they find beyond this is impertinent and immaterial and to be rejected.'' [40 Cyc. 189 and note 46; 2 Thompson on Trials, section 2639.]

The order of submission is set aside, and the appeal is dismissed. *Railey, C.,* not sitting.

PER CURIAM:—The foregoing opinion of HIGBEE, C., is hereby adopted as the opinion of the court. All of the judges concur, except *White, J.,* who dissents in a separate opinion.

WHITE, J. (dissenting).—I dissent from the statement of law announced by HIGBEE, C., and think the case should be differently disposed of.

Here we have no final judgment from which an appeal would lie. The appeal was, therefore, premature. The cases which Judge HIGBEE distinguishes, State v. Hewitt, 256 S. W. 546; State v. Holland, 160 Mo. l. c. 667, and others, were criminal cases. Since no final judgment had been rendered, this court in each case set aside

the submission and remanded the case, directing the trial court to enter judgment in accordance with the verdict. The State being a party to a criminal case, and this court having a superintending control over circuit courts, assumed jurisdiction to order the trial court to perform its duty and sentence the convicted defendant. It was assumed that the premature appeal in such case was sufficient to bring to this court notice of the failure of that duty by the trial court without any direct application to this court for that purpose.

Judge Higbee, in his opinion dismissing the appeal, asserts there is no appeal here and the case is still pending in the trial court. If that doctrine is carried to its logical conclusion there is nothing to dismiss. We cannot dismiss an appeal unless there is an appeal. We could only strike from the docket the alleged appeal. The case is not still pending in the trial court, after the verdict, except for the purpose of rendering a judgment on the verdict.

The opinion distinguishes this case from the criminal cases cited only on the ground that the verdict here is not responsive to the pleadings. Since there is no proper appeal here, and the case is not here for review, we cannot examine the record to discover errors committed at the trial. We could only ascertain whether a final judgment was rendered from which the appeal could be taken. Besides, it is the duty of the trial court to enter judgment in accordance with the verdict, although the verdict be erroneous. The plaintiff against whom the verdict is rendered has a right to have the judgment entered in accordance with the verdict so that he may appeal from it. Otherwise he is left remediless. There is no judgment from which he can appeal, and he has failed to recover the land for which he sues. The trial judge can enter no other judgment than one that agrees with the verdict, unless he grants a new trial, which he had failed to do by overruling the motion for new trial. The appellant could bring a mandamus proceeding in

this court asking this court to order the trial court to enter judgment according to the verdict, and we would be obliged to make the order. We could not stop to inquire whether there was error committed in the trial of the case, or whether the verdict was supported by the evidence, or the pleading, or the instruction. Plaintiff has the right to have the judgment entered because he has the right to appeal.

The only distinction between this case and the other cases mentioned is that those are criminal cases, with the State a party. Since this court had no proceeding in those cases other than the information brought to it by the premature appeal, upon which it could order the trial court to enter judgment according to the verdict, it has jurisdiction to perform that function in this case. I am unable to see a distinction on any ground suggested. I therefore dissent.