**CITIZENS BANK OF UNIVERSITY CITY,**
Plaintiff-Appellant,

v.

**Dorothy MILLER, R. T. Miller, et al.,**
Defendants,

**Stanley Roth Construction Company, Inc.,**
a Corporation, Defendant-Respondent.

No. 34072.

St. Louis Court of Appeals,
Missouri.

June 15, 1971.

Thomas R. Green, Ben N. Messina, St. Louis, for plaintiff-appellant.

Fred Roth, St. Louis, for defendant-respondent.

BRADY, Presiding Judge.

This case is set on our docket for hearing in October but comes before us now on the motion of respondent to dismiss the appeal as premature and in excess of the monetary jurisdiction of this court. We believe the interest of justice will best be served by ruling this motion at the present time.

The action was originally brought in magistrate court. Plaintiff alleged the defendants Miller had executed their promissory note, a copy of which was attached to the petition, by which they promised to pay to the order of the defendant construction company a certain sum for value received; that before maturity of the note defendant construction company endorsed said note for value to plaintiff and delivered it to him; that defendants Miller defaulted in their payment of the note; that demand for payment has been made of them and they have refused; and that demand was made upon the defendant construction company and that it refused to pay. Plaintiff prayed judgment against all the defendants in the amount of the unpaid balance on the note, $2,658.92, together with attorney's fees and costs.

There is no answer by defendants Miller. The defendant construction company answered admitting the execution of the note to it by the defendants Miller; alleged plaintiff was not a holder in due course nor an innocent purchaser for value; and denied all other allegations. It also counterclaimed alleging plaintiff had told it that all endorsements made by it would be treated as without recourse. Its counterclaim prayed that the trial court enter a decree compelling the plaintiff to reform each note so as to have the note read that it was to be without recourse to the defendant construction company; for actual damages in the amount of $15,000.00 as a result of plaintiff's attempts to make it pay the note; and for punitive damages in the amount of $50,000.00.

The transcript does not disclose how the cause reached the circuit court but presumably it did so upon certification due to the equity prayer for reformation of the note. While in the circuit court the defendant construction company caused the issuance of a subpoena duces tecum requiring the plaintiff to produce at a deposition to be taken upon a specified date all the negotiable notes executed by the defendant construction company held by plaintiff or "evidence" thereof. The plaintiff filed a motion to quash that subpoena duces tecum or in the alternative to modify or strike the allegations of the counterclaim, to quote from the motion itself, " * * * so that they reflect only the note upon which Plaintiff is suing Defendant upon the grounds that said other notes are not in controversy nor are there any claims on said other notes upon which Defendant could base his request for reformation * * *." The parties submitted memoranda to the trial court concerning the motion to strike. The trial court overruled plaintiff's motions. The notice of appeal recites that the plaintiff appeals from that action.

It is clear from the facts stated this appeal is premature. The right of appeal is purely statutory and does not exist where not

given by statute. Section 512.020, V.A. M.S.; In re Smith, Mo.App., 331 S.W.2d 169; cases collected Mo.Digest, Appeal and Error, ▉ The action of the trial court from which plaintiff seeks to appeal does not fall within any of the grounds enumerated in § 512.020, supra, as authorizing an appeal. It is likewise clear there has been no final judgment entered disposing of the issues raised by the counterclaim or the petition.

Accordingly, we would sustain the motion to dismiss the appeal on the grounds it is premature were it not for the fact that to do so would constitute an exercise of jurisdiction. We do not have jurisdiction in this cause due to the amount involved. Lowe v. Frede, 151 Mo.App. 569, 132 S.W. 274. We have no alternative but to transfer this cause to the Supreme Court so that court can dismiss the appeal. The resultant delay is regrettable but unavoidable. We have reduced it somewhat by ruling this motion now instead of upon submission, but that is all we can do.

The cause is ordered transferred to the Supreme Court.

DOWD and WOLFE, JJ., concur.