| 66 | 465 |
|-----|-----|
| 100 | 96 |

| 66 | 465 |
|-----|-----|
| 140 | 511 |

STRICKLER et al., Appellants, v. TRACY.

1. **Final Judgment**; APPEAL. In a suit for dower, a judgment that plaintiff should be endowed of a certain interest in specific real estate during her natural life, and that she should have and recover of defendant her costs, and have execution thereof, is not a final judgment, and from such judgment no appeal will lie.

2. **Dower**: PRACTICE. Where an agreed statement shows that dower in kind cannot be assigned, the appointment of commissioners for the admeasurement of dower is unnecessary; nevertheless the yearly value of the dower must still be ascertained.

*Appeal from Holt Circuit Court.*—HON. HENRY S. KELLEY, Judge.

*Collins & Dugan* for appellants.

*Woodson* for respondent.

SHERWOOD, C. J.—Mrs. Strickler claimed and sues for dower in a certain lot in Mound City, her present husband being joined with her as co-plaintiff. The case was tried on an agreed state of facts, whose statements are made with little regard to precision, and are, in some particulars, in flat contradiction of each other. The court seems to have acted on an express admission that "the female plaintiff relinquished all of her dower in said tract of land,

30

except in and to the one-eighth part thereof, retained by her husband, &c.;" and a finding was accordingly made "that plaintiff, Catherine E. Strickler, is entitled to and endowed with a dower interest of one undivided third part during her natural life, of the undivided eighth part of the real estate described in plaintiffs' petition, to-wit: Lot one, (1) in block two, (2) in the town of Mound City, Holt county, Missouri, without taking into consideration the improvements put upon the same by the defendant, and that the said tract or lot of land is not susceptible of division without great injury to the defendant, and dower in kind cannot be assigned. Wherefore it is ordered adjudged and decreed by the court that the said Catherine E. Strickler be endowed of the undivided one-third part during her natural life, of the undivided one-eighth part of lot one, in block two, of the town of Mound City aforesaid, and that plaintiffs have and recover of defendant their costs in this behalf incurred and expended, and that they have execution therefor."

This judgment, though in accordance with the statute, (1 W. S., §27, p. 543,) and good so far as it goes, is not a final judgment, but merely an interlocutory one, and is similar in this respect to one, that partition be made, *McMurtry v. Glascock*, 20 Mo. 432. 2 W. S., § 12, p. 968. It is quite obvious that although the widow is declared entitled to dower, and the proportion thereof, yet she is left in the same situation as though she had brought no action. The sections subsequent to section 27 *supra*, as well as the decisions of this court, furnish a guide as to the proper course to be taken.

The yearly value of a widow's dower must be ascertained, and this regardless of the fact that the land is not susceptible of division. (§ 31.) The agreed statement ascertains this insusceptibility, and this was sufficient, without the appointment of commissioners. Inasmuch as there is no final judgment, the appeal will be dismissed. All concur.          APPEAL DISMISSED.