THE MERCHANTS' EXCHANGE MUTUAL BENEVOLENT SOCIETY, Appellant, v. CARRIE SESSINGHAUS *et al.*, Defendants; CARRIE SESSINGHAUS, Respondent.

### St. Louis Court of Appeals, October 23, 1894.

Appeals: FINALITY OF JUDGMENT: INTERPLEADER. A judgment entry is not final so as to justify an appeal, unless it makes some disposition of the case as to all the parties to the record. This rule is applied to a judgment on a bill of interpleader, sustaining the demurrer of one of the defendants to the bill but failing to dismiss the action as to all of the defendants.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

APPEAL DISMISSED.

*D. P. Dyer* for appellant.

*E. W. Pattison* for respondent.

ROMBAUER, P. J.—The respondent moves to dismiss the appeal, on the ground that it was not taken from a final judgment, and hence is unwarranted by the statute.

The facts are these:   The plaintiff is the holder of a fund, and, being in doubt which of certain rival claimants are entitled to it, it filed a bill making these claimants parties defendant, and praying that they be required to interplead.   The claimants, who were thus made defendants, consisted of the respondent and of the trustees under the will of the respondent's late husband.   The trustees appeared and answered, admitting that the bill was properly filed, and stating their title to the fund.   The respondent demurred to the bill, on

the ground that it admitted title in her, and stated no color of title in the adverse claimants. This demurrer the court sustained. The plaintiff declining to plead any further, the court made judgment on the demurrer in respondent's favor and dismissed the bill as to her, *but made no disposition of the other defendants.*

The supreme court and this court have repeatedly decided that no judgment entry is final so as to justify an appeal, unless it makes some disposition of all the parties to the record. *McCord v. McCord,* 77 Mo. 166; *Caulfield v. Farish,* 24 Mo. App. 111.

When the respondent's demurrer to the bill was sustained and the plaintiff declined to plead any further, the court should have dismissed the bill as to all the defendants, since the trustees could interplead with no one after the only defendant with whom they could have interpleaded was let out on demurrer. Having failed to dispose of the other defendants, the judgment in this case can not be treated as final. The appeal, therefore, was unwarranted and must be dismissed.

Appeal dismissed. Judge BOND concurs. Judge BIGGS is absent.