Sater v. Hunt et al.

---

LUCAS A. SATER, Appellant, v. MINNIE B. HUNT *et al.*, Respondents.

St. Louis Court of Appeals, February 26, 1895.

**Appeals:** JUDGMENT ON DEMURRER OF ONE DEFENDANT. Except as provided by the act of April 18, 1891, an appeal can not be taken from a judgment which does not finally dispose of the cause; and such judgment must dispose of the cause as to all of the defendants.

Accordingly, an appeal can not be taken from a judgment on the demurrer of one of several defendants while the cause remains pending as to the others.

*Appeal from the Lawrence Circuit Court.*—HON. WALTER ROBINSON, Judge.

APPEAL DISMISSED.

*W. B. Skinner* and *Henry Brumback* for appellant.

*Thomas & Hackney* for respondent Minnie B. Hunt.

ROMBAUER, P. J.—The plaintiff brought this suit against Samuel L. Hunt and Minnie B. Hunt, husband and wife, and mortgagors of certain real estate, and against J. W. Raymond, the terre tenant. The object of the suit is to obtain a personal judgment on the note secured by the mortgage against the two Hunts, who were makers, and to foreclose the mortgage. The defendant Raymond answered, admitting the allegations of the petition. The defendant Samuel L. Hunt did not plead. The defendant Minnie B. Hunt interposed a general demurrer to the petition. The court sustained this demurrer, and, upon the plaintiff refusing to plead any further, the court made final judgment in favor of Minnie L. Hunt without making any disposition whatever of the other defendants. From this judgment the plaintiff prosecutes this appeal.

A judgment is the final determination of the rights of the parties to the action, and only one final judgment can be rendered therein. R. S. 1889, secs. 2206, 2213. Such a judgment, to warrant an appeal, must make some disposition of all the defendants. *Caulfield v. Farish*, 24 Mo. App. 110; *Merchants' Exchange Mutual Benevolent Association v. Sessinghaus*, 59 Mo.

·App. 106. Although the demurrer of Minnie B. Hunt was erroneously sustained, as far as we are at present advised, yet, if plaintiff desired to appeal from that judgment of the court, he should have either dismissed, as to the other defendants, or else prosecuted his action against them to final judgment, and then taken his appeal. As the record now stands, the case is still pending in the lower court against the two other defendants. Appeals on a partial disposition of a cause are warranted only in the cases provided for by the act of April 18, 1891 (Laws, 1891, p. 70).

It results that we must dismiss this appeal as prematurely taken. The plaintiff may bring the case here by writ of error after he has made final disposition of all the parties in one of the other of the modes above suggested.

All the judges concurring, the appeal is dismissed.