PATRICK HARMAN, Plaintiff in Error, v. H. H. BLACK-STONE *et al.*, Defendants in Error.

### St. Louis Court of Appeals, February 26, 1895.

1. **Appeals:** FINALITY OF JUDGMENT. Except as provided by the act of April 18, 1891, an appeal lies only from a final judgment, disposing of the matter adjudged as to all the parties to the cause. Accordingly, an appeal is premature when the demurrer of one of the parties defendant is sustained, and the action is dismissed as to him but left undisposed of as to the other defendants.

2. **Mortgages, Foreclosure of:** JOINDER OF PARTIES AND CAUSES OF ACTION. *Held,* in the course of discussion, that, when a mortgagee sues to foreclose his mortgage, he may join as a party defendant a prior incumbancer who took with notice and in fraud of his rights, and have his mortgage adjudged the prior lien.

*Error to the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

WRIT OF ERROR DISMISSED.

*L. D. Grove* for plaintiff in error.

*C. D. Yancey* for defendant in error.

BOND, J.—The plaintiff states, in substance, that he loaned defendants, Lucas and Wilson, the money wherewith to purchase a lot in Poplar Bluff, Missouri, upon the express agreement upon their part to execute a mortgage on said lot to him as a security for such loan; that the lot was purchased by said defendants; that they thereupon executed a warranty deed to one half thereof to the defendant Blackstone, who had full knowledge of the facts above stated; that this deed to Blackstone, though absolute in form, was intended to secure a debt from the vendors to him which was now paid; that the defendants, Lucas and Wilson, thereafter executed a mortgage, duly recorded, on the lot to plaintiff to secure the purchase money advanced by him as aforesaid; and that, by the terms of this instrument, the whole debt became due upon default in the payment of the first note.

The petition alleged the nonpayment of the first note, and prayed judgment setting aside the deed to defendant Blackstone as against the title accruing to plaintiff under said mortgage, and for foreclosure. Defendant Blackstone demurred to said petition on the grounds of misjoinder of parties and causes of action. The demurrer was sustained, and plaintiff's petition dismissed as to the demurrant. The case is here by writ of error.

On the question presented by the demurrer, if the case were properly in this court, we should be inclined to hold that the court erred in its ruling. Defendant Blackstone took his deed to a portion of the mortgaged premises with actual notice of the agreement of his vendors to execute a mortgage to plaintiff to secure the purchase money of the lot. This knowledge subjected his rights to the equities of plaintiff. Pomeroy's Equity Jurisprudence, section 591, 616. In the eye of

a court of equity his relation to plaintiff's title was that of a subsequent incumbrancer, and, as such, he was a proper, if not a necessary, party to a foreclosure suit. 2 Jones on Mortgages, 1425.

Neither is there any misjoinder of causes of action. This is a foreclosure suit. Defendant has a deed prior in date to the mortgage the plaintiff. The petition alleges facts showing the equitable priority of the mortgage over the deed. If this issue is established in his favor, plaintiff will be entitled to a decree of foreclosure. The determination of the relative priority of these two instruments is essential, in order to establish any title in the purchaser under the decree of foreclosure as against the deed to defendant. It is, therefore, proper that the effect of that deed should be adjudicated in the foreclosure suit. That plaintiff has the right to conclude the interest of all proper parties to this suit by making them defendants is indisputable. This is all that was done by the joinder of defendant Blackstone. Although, for these reasons, the action of the court in sustaining the demurrer of the defendant Blackstone seems to have been erroneous, we are prevented from making an authoritative adjudication of its ruling in that respect by the fact that the writ of error in this case was prematurely taken to this court.

There can be only one final judgment in any cause, and, in order to appeal from such a judgment, it must appear that some disposition is made of all the parties. In the present case the judgment of the trial court made no disposition of the codefendants of the demurrant. If the plaintiff desired to appeal from the judgment in favor of the demurrant, he should have either dismissed as to the other defendants, or else prosecuted his action against them to a final judgment, including therein a final disposition of the case as to the demurrant, and then taken his appeal or writ of error to this

court. As the record now stands, the case is still pending in the circuit court against the two defendants, Lucas and Wilson. *Merchants' Exchange Mutual Benevolent Association v. Sessinghaus*, 59 Mo. App. 106. Appeals on a partial disposition of a case are authorized only as provided for by the act of April 18, 1891. The present case does not fall within the provisions of this act. The result is that the writ of error must be dismissed as prematurely taken. It is so ordered. All concur.