L. B. HARRISON, Appellant, v. J. H. SCOTT, Respondent.

St. Louis Court of Appeals, January 4, 1898.

Appeal: NON-APPEALABLE ORDER. An order of court in a cause requiring nothing more than that certain named persons be made parties by interpleas, is not a judgment or such order as can be appealed from.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

APPEAL DISMISSED.

*Edmonston & Cullen* for appellant.

An appeal will lie from a judgment that the various claimants do interplead. R. S. 1889, sec. 2246; Sess. Laws, 1891; *Rogers v. Gosnell*, 51 Mo. 466; *State ex rel. v. Kumpff*, 62 Mo. App. 332; *Glassner v. Weisberg*, 43 *Id.* 214; *Heusner v. Ins. Co.*, 47 *Id.* 336; *State ex rel. v. Allen*, 92 Mo. 20.

Plaintiff claimed the whole debt. As Scott did not admit liability for the whole debt, he could not obtain the relief sought. Scott can not obtain a decree to interplead for part of the debt. He must claim no interest in the matter himself. *Glassner v. Weisberg, supra;* Beach, Mod. Eq. Prac., secs. 143, 144, and citations; *Bridesburg Mfg. Co.'s Appeal,* 106 Pa. St. 275; *Conley v. Alabama G. C. I. Co.,* 67 Ala. 472; *Kellian v. Ebbinghaus,* 110 U. S. 568; *R. R. v. Arthur,* 90 N. Y. 234; *Long v. Barker,* 85 Ill. 431; *Lemple v. Dawson,* 19 Ark. 148; *Ins. Co. v. Ins. Co.,* 23 Minn. 7; *Perkins v. Littlefield,* 40 Ga. 225; 3 Pom. Jur., secs. 1320, 1325; Williard's Eq. Jur., sec. 319, p. 401, and citations.

"The mere fact of there being a dispute as to the amount of the fund is always fatal to a bill." *Glassner v. Weisberg, supra,* and citations.

There was no evidence offered in the case, and for that reason the judgment can not stand. The burden of proof was upon Scott, who was, in legal effect, plaintiff in the bill, to sustain the allegations in his bill by evidence. *Roselle v. Bank,* 119 Mo. 84; *Glassner v. Weisberg, supra; Franco Am. L. & B. Ass'n v. Joy,* 56 Mo. App. 438; Beach, Mod. Eq. Prac., sec. 641; *Parker v. Concord,* 39 Fed. Rep. 718.

No brief filed for respondent.

BLAND, P. J.—Suit on promissory note by Harrison against Scott as maker; Harrison avers that he is the owner and holder of the note for value, and that he acquired it before maturity from the payee, R. McNama. Scott admitted the execution and delivery of the note to McNama, but denied that plaintiff Harrison acquired the note for value; denied that it was transferred to him before maturity, and avers in sub-

stance that the assignment was made for the purpose
of hindering and delaying the creditors of McNama,
and was without consideration, claimed a credit of
$107 on the note as an offset on account of a balance
due him on account of a sale of stock made by him to
McNama. For a further answer he avers that he has
been summoned as garnishee in divers attachment suits
brought against McNama, and on sundry executions
against him, asks that plaintiffs in these attachment
suits and executions (naming them) be brought in and
required to interplead for the amount due on the note
after he is allowed his offset of $107, and offers to pay
into court the balance, after allowing his offset. On
this state of the pleadings the court made the following
order:

"Now, at this day come the parties herein by their
respective attorneys, and this cause coming on for trial
before the court. And the defendant's request for order
of interpleader coming on to be heard and being sub-
mitted is by order and judgment of the court sustained.
And the following parties, to wit, Martinsburg Bank,
J. G. Lakenan and A. C. Barnes, composing the firm
of Lakenan & Barnes, W. W. and C. D. Rodgers, are
allowed to interplead herein. And said interpleaders
by their attorneys enter their appearance as inter-
pleaders in this cause, and on motion of defendant's
attorneys it is ordered that leave be given the said
interpleaders to file their interpleas in this cause on or
before February 1, 1897, and on motion of the defend-
ant the first ground set up in the defendant's answer is
withdrawn. And it is ordered by the court that a sum-
mons issue for the other interpleaders, to wit: S. O.
Snedicker, B. Fennewald and James Wells of Audrain
county, Missouri, and by order of the court leave is
given the defendant to amend answer this day filed by

annexing thereto the affidavit of W. W. Fry, his attorney, and this cause is continued."

A motion to set aside this order, erroneously styled a judgment, was filed and overruled; plaintiff perfected his appeal from the ruling of the court. Respondent has filed his motion to dismiss the appeal upon the ground that there was no judgment rendered by the circuit court from which an appeal will lie. The rights of no party to the suit are adjudicated by the order; no one is discharged from the suit; the order does not even carry costs; it is nothing more than an order requiring certain named persons to be made parties by interpleas; it possesses none of the elements of a judgment, and is not such an order as can be appealed from. The motion to dismiss appeal is therefore sustained. All concur.