EMMA D. WEBB, Appellant, v. KANSAS CITY et al., Respondents.

Kansas City Court of Appeals, June 18, 1900.

Appeals: FINAL JUDGMENT: PARTIES. A judgment entry is not final so as to justify an appeal unless it makes some disposition of all the parties. Cases considered.

Appeal from the Jackson Circuit Court.—*Hon. James Gibson*, Judge.

APPEAL DISMISSED.

*Ben. T. Hardin* for appellant.

(1) The motion of the defendant Crow went to the judgment rendered on November 2, 1898, as a whole, because while the city and the others "were defendants in the suit of plaintiff, and had the right to make a common defense against the charge of negligence, and a common affirmative defense of contributory negligence, they were at the same time antagonists on the question of the primary liability for the injury to plaintiff." And if Crow's motion for new trial had been overruled, and he had appealed, the entire record would have been brought to this court on such appeal. Wiggin v. St. Louis, 135 Mo. 558, 571; O'Rourke v. Railway, 142 Mo. 342, 353. (2) It is argued by respondents that when one defendant does not file a motion for new trial, and another defendant does, it is error to vacate the judgment as to the defendant who filed no motion therefor. And every case they cite will be found to be a case of an ordinary action, not under the city charter, and where the liability of one defendant did not depend on the same facts as that of the other.

Webb v. Kansas City.

Nelson v. Ghiselin, 17 Mo. App. 663; Murphy v. DeFrance, 23 Mo. App. 337, 342; Fannon v. Plummer, 30 Mo. App. 25; Carr v. Dawes, 46 Mo. App. 357, and cases cited.

*Rozzelle, Walsh* and *H. S. Hadley* for respondents.

(1) The appeal was prematurely taken and should be dismissed. An appeal from a judgment in favor of a portion of the defendants, leaving the cause undisposed of as to the others, is premature, and must be dismissed. Voorhis v. W. U. B. & L. Ass'n, 59 Mo. App. 55; Mut. Ben. Soc. v. Sessinghaus, 59 Mo. App. 106; Caulfield v. Farish, 24 Mo. App. 110; Sater v. Hunt, 61 Mo. App. 228; Harman v. Blackstone, 61 Mo. App. 254.

SMITH, P. J.—This is an action by plaintiff against defendants to recover damages on account of injuries received by the former by reason of the negligence of the latter. There was a trial by jury which resulted in a verdict in favor of plaintiff against defendant Crow and in favor of the other defendants. Subsequently, this verdict, on motion of defendant Crow, was set aside in its entirety. Later on still, all of the defendants except Crow and Fisher severally moved the court to strike their names from the docket as defendants and to dismiss the action as to them; which motion was by the court sustained and judgment given accordingly, from which the plaintiff has appealed. Subsequently, the case was dismissed as to defendant Crow. The record does not disclose that there was any final disposition made of the case as to defendant Fisher, against whom it is still pending.

The rule of appellate practice is now well settled in this state to the effect that a judgment entry is not final so as to justify an appeal unless it makes some disposition of all the parties to the record. Merchants Exchange v. Sessinghaus,

59 Mo. App. 106; Voorhis v. B. & L. Ass'n, 59 Mo. App. 55; Sater v. Hunt, 61 Mo. App. 228; Harman v. Blackstone, 61 Mo. App. 254; Caulfield v. Farish, 24 Mo. App. 110; McCord v. McCord, 77 Mo. 166. It follows from this that the plaintiff's appeal was prematurely taken. If we have jurisdiction to entertain this appeal, and should decide the questions raised by it adversely to her contention, she could still go back to the circuit court and try the case there remaining against the other two defendants and if unsuccessful, appeal from the judgment and thus have two appeals where the law intended she should have only one. An appeal lies only from a final judgment.

A case can not be divided into parts and brought up in fragments. Kautsch v. Droste, 82 Mo. App. 412.

It is however insisted by the plaintiff that her right to an appeal in this case is established by the ruling made by us in State ex rel. v. Gibson, decided at last term. If the circuit court erred in making an order dismissing the said defendants from the case, the plaintiff's remedy for the correction of the error was by appeal, and this was all that was decided in the case just referred to. That case proceeded, of course, upon the assumption that the order of the court therein referred to was a final judgment, disposing of all the parties defendant and that it was therefore an appealable judgment. The real question that was there presented for consideration was whether the error complained of could be reviewed and corrected in a proceeding by mandamus, and it was held that it could. It was incidently ruled that the error must be corrected by appeal, and that was an undoubedly correct ruling. If the error could not be corrected in that way it could not be corrected at all.

The appeal will be dismissed. *Ellison, J.,* concurs; *Gill, J.,* absent.