## ROCK ISLAND IMPLEMENT COMPANY, Appellant, v. MARR et al.

### Division One, March 29, 1902,

Appellate Practice: DEMURRER BY SOME DEFENDANTS: NO FINAL JUDGMENT: DISMISSAL. A judgment entry is not final so as to authorize an appeal unless it makes some disposition of all the parties to the record. So that where a suit is brought against a life tenant and remaindermen and the purchaser and the trustee in a deed of trust under which the land has been sold, the purpose of which is to set aside said sale as being fraudulent, and a demurrer to the petition by all the defendants except the remaindermen is sustained, and no disposition is made of the case as to them, there has been no such final judgment as will authorize an appeal, and hence it will be dismissed as being premature.

Appeal from DeKalb Circuit Court.—*Hon. A. D. Burnes,* Judge.

APPEAL DISMISSED.

*James C. Williams* and *Frank Costello* for appellant; *L. A. Laughlin* of counsel.

*Hewitt & Blair* for respondents.

(1) The judgment from which the plaintiff appeals is based upon the action of the lower court on the separate demurrers of Katharina Marr, Henry Kolb and Conrad Kochan. It did not so much as purport to affect the seven other defendants, who had filed no demurrers in the case. Granting that it was a sufficient final judgment as to the parties named to warrant an appeal if these three had been the only defendants, yet it leaves seven defendants undisposed of. The appeal was prematurely taken and must be dismissed. Sater v. Hunt, 61 Mo. App. 229; Caulfield v. Farish, 24 Mo. App. 111; Benevolent Ass'n. v. Sessinghaus, 59 Mo. App. 107; Voorhis v. B. & L. Assn., 59 Mo. App. 56. (2) In the state of the record the court could not have made any disposition of the case as to the defendants not demurring. Caulfield v. Farish, 24 Mo. App. 112. (3) On the record seven of the ten defendants were in default. No judgment by default was rendered nor does any refusal to permit plaintiff to prove up its case against them appear. The statutory course was not pursued. The appeal should be dismissed. Secs. 773 and 774, R. S. 1899; Beshears v. Bank, 73 Mo. App. 298.

BRACE, P. J.—This is an appeal from a judgment of the DeKalb Circuit Court, sustaining a demurrer to the plaintiff's second amended petition; in which, for a cause of action, it is alleged:

"That on November 13, 1896, George Marr, Sr., died, testate, seized of the west half of the northeast quarter of section 19, township 58, range 31, in said county, subject to a deed of trust executed by the said testator and wife, dated August 4, 1894, conveying said tract to defendant Conrad Kochan, in trust, to secure the payment of a promissory note executed by him and payable to defendant Henry Kolb for the sum of $1,680.44, with interest at seven per cent per annum. That by his will said testator devised said real estate to his wife, defendant Katharina Marr, 'during her lifetime or as long as she remained his widow, but at her death or

marriage said real estate reverted to his children the defendants George Marr, Simon Marr, John Marr and Anna Marr,' now Anna Myers, wife of John C. Myers. That said will was duly admitted to probate, and letters testamentary thereon duly granted and issued to said George Marr, Jr., the executor appointed by said will, which were afterwards revoked, and letters of administration with the will annexed were duly granted to the said defendant Conrad Kochan. That at the time of the death of the said George Marr, Sr., he was indebted to plaintiff; that on February 8, 1897, its claim thereon was duly presented to the probate court and allowed for the sum of $2,154.69 and eight per cent interest per annum, and placed in the fifth class of demands against said estate. That afterwards the said defendant Conrad Kochan, trustee as aforesaid, advertised said real estate for sale under said deed of trust, and on September 17, 1897, sold the same to the defendant Katharina Marr, and as such trustee executed and delivered to her his deed therefor, which deed is dated September 17, 1897, and was filed for record the same day in the recorder's office of DeKalb county. That said sale under said deed of trust was fraudulent and in violation of the rights of this plaintiff, in this, to-wit: That at the time of the making of said sale the defendant, Conrad Kochan, was administrator of the estate of the said George Marr, Sr., and as such administrator his duties were inconsistent with his duties as trustee under said deed; that said defendant conspired with the defendant Katharina Marr, to make said sale in pretended compliance with the terms of said deed of trust, at which sale said Katharina Marr could purchase said real estate for an inadequate consideration whereby the rights of plaintiff and other creditors of the estate of George Marr, Sr., whose claims had been proved and allowed by said probate court, should be cut off; that prior to the sale under said deed of trust said Conrad Kochan was apprised by an agent of plaintiff of plaintiff's intention to protect its lien on said

real estate at any sale that should be made under said deed
of trust, and that said Kochan agreed with said agent to
notify him or plaintiff when there should be a sale under said
deed of trust, but in pursuance of said fraudulent scheme and
design said Kochan did not notify plaintiff of said sale;
that plaintiff relied upon this agreement with said Kochan
and did not learn of said sale until after it had taken place;
that said sale was made at an unusual hour of the day, so as
to prevent competition in bidding, in that it was made at ten
o'clock in the forenoon when it had long been customary in
and around Maysville in said county, where said sale took
place, to make sales of real estate under deeds of trust at some
hour after dinner, generally about two o'clock, which custom
was well known to said Kochan; that by reason of said sale
being at an unusual hour several persons who intended to bid
at such sale were deprived of the opportunity to do so; that
in pursuance of said fraudulent conspiracy said Katharina
Marr by offers and promises of money induced bidders who
were present at said sale not to bid in competition with her,
and thereby she became the only bidder for said real estate at
said sale; that in pursuance of said fraudulent scheme and
design said real estate was not sold in parcels, but was offered
and sold in one tract; that said real estate was sold for an
inadequate price, inasmuch as it was easily worth the sum of
$3,200 and could have been sold for said sum at a fair sale,
but by reason of the fraudulent practices of said Kochan
and the defendant Katharina Marr said real estate brought
only the sum of $1,800.    That after purchasing said real
estate at said sale and on the same day, to-wit, September
17, 1897, said Katharina Marr conveyed said real estate to
the defendant, Mack B. Jones, in trust to secure to the de-
fendant, James Ewart, payment of a promissory note of even
date therewith for the sum of $2,000 executed by her to said
Ewart and due one year after date, with interest at eight per
cent per annum, which deed of trust remains unsatisfied of

record.   Plaintiff further states that by reason of the premises it is without an adequate remedy at law, and is entirely remediless unless by the equitable interposition of this honorable court.   Plaintiff therefore prays that the attempted sale of said real estate by the defendant, Conrad Kochan, as trustee, to the defendant, Katharina Marr, be set aside and for naught held; that the title to said real estate be invested in her and the defendants, George Marr, Simon Marr, John Marr and Anna Myers, pursuant to the provisions of the last will of said George Marr, Sr.; that the deed of trust given by said Katharina Marr to the defendant, Mack B. Jones, as trustee for James Ewart may be adjudged to be a valid and subsisting lien upon said real estate for the amount of money secured thereby which remains unpaid; that said real estate be ordered to be sold, subject to said lien, and the proceeds thereof applied to the payment of plaintiff's claim; and for such other and proper orders and decrees as to the court may seem just and equitable."

To this amended petition the defendants Katharina Marr, Conrad Kochan and Henry Kolb each filed separate general demurrers and thereupon (the record recites): "After duly considering the same the court doth find that the said defendants' demurrers to plaintiff's second amended petition ought to be and is hereby sustained. It is therefore ordered, adjudged and decreed that the plaintiff take nothing by its said writ, that the defendants go hence without day, and that said defendants recover of and from the plaintiff, The Rock Island Implement Company, treble costs laid out and expended in this behalf, and that execution issue therefor." Neither of the other seven defendants either answered or demurred to the petition, and as to them the case was not disposed of in any manner.   From this judgment the plaintiff appeals, and the said three defendants, respondents herein, file their motion to dismiss the appeal on the ground that it is premature. The motion will have to be sustained.   The action of the court in

sustaining the demurrer of these respondents and rendering judgment thereon, did not dispose of the case, as to the other defendants. It operated only on the defendants demurring. [Norton v. City of St. Louis, 97 Mo. 537; 6 Ency. of Plead. and Prac., 355.] Until judgment is obtained, or the case dismissed as to them, the cause is still pending in the circuit court. [McCord's Admr. v. McCord, 77 Mo. 166.] The rule of appellate practice is well settled in this State that a judgment entry is not final so as to authorize an appeal unless it makes some disposition of all the parties to the record. [Webb v. Kansas City, 85 Mo. App. 148; Sater v. Hunt, 75 Mo. App. 468, 61 Mo. App. 228; Holborn v. Naughton, 60 Mo App. 100; Voorhis v. W. U. B. & L. Assn., 59 Mo. App. 55; Caulfield v. Farish, 24 Mo. App. 110.] The appeal will be dismissed, and it is so ordered.

All concur, except *Valliant, J.,* absent.