## GEORGE GEE, Appellant v. KATHARINA LEAVER, Respondent.

### Kansas City Court of Appeals, May 19, 1913.

1. INTERPLEADER: Trust Fund: Rival Claimants. A grantor executed a deed and delivered it to another to be turned over to the grantee and receive the purchase money. That party delivered the deed and received the purchase money, but refused to pay it over to the grantor. The latter brought suit and the defendant answered setting up that the grantor was not the owner of the land; that he only held it in trust for himself and eight others, and that these had made claims to the fund and that defendant was in danger of being harassed by different actions. It was *held* that such defendant, on a showing of those things, was entitled to have the court require the grantor and the other claimants interplead for the money, and to permit defendant to pay the money into court.

2. ———: ———: ———: Rights of Parties: Issues Formulated. In determining the right of a defendant in an action to require the plaintiff and rival claimants to interplead for a fund, the court has nothing to do with the legal rights of such claimants. Such rights are to be determined on issues formulated between the claimants.

Appeal from Livingston Circuit Court.—*Hon. Arch. B. Davis,* Judge.

AFFIRMED.

*O. L. Smith* for appellant.

(1)   The defendant was the agent of plaintiff for the purpose of delivering the deed and collecting the purchase money.     After she received the purchase money as such agent, she cannot maintain a bill of interpleader against her principal and compel him to interplead with others for his money.  2 Ency. Pl. & Pr. 450; 23 Cyc. 12; Mechem on Agency, sec. 527; 2 Story's Equity Jurisprudence, sec. 817; Vosburgh v. Huntington, 15 Abbott's Prac. 254; Marvin v. Ellwood, 11 Paige (N. Y. Ch.), 376; Pearson v. Cardon, 2 Russell & Milne's Eng. Ch. 606.   (2) Defendant cannot defend by showing that the money did not belong to her principal.  Witman v. Felton, 28 Mo. 601; Insurance Co. v. Tribble, 86 Mo. App. 555.   (3) Defendant will not be permitted to assume an adverse position toward her principal., Vette v. Geist, 155 Mo. 34; Mechem on Agency, sec. 455; Witte v. Storm, 236 Mo. 487; Corder v. O'Neil, 207 Mo. 647; Euneau v. Reiger, 105 Mo. 676; Marshall v. Furgerson, 94 Mo. App. 175. (4)   Defendant was not a stakeholder because she incurred a liability to plaintiff by her contract to act as his agent; because she had a personal interest in receiving and paying out the funds of the estate of Esther Gee; because she had a claim of her own to be litigated as alleged in her answer; because she entered into collusion with the other claimants by holding the money until they could be found, and by hunting them herself, and by assisting others to find them, for the purpose of having the claimants made a demand on her for said money; because she was partial in her conduct to the other claimants by lending them

Gee v. Leaver.

aid and by stating in her testimony that they ought
to have this money. 3 Pomeroy Eq. Jur., secs. 1325,
1326; Teideman Eq. Jur., sec. 570; Bartlett v. Swain,
82 Mo. App. 646; Martsook v. Chrisman, 114 Mo. App.
561; Supreme Council v. Palmer, 107 Mo. App. 157;
United Railways Co. v. O'Connor, 153 Mo. App. 136;
Marvin v. Ellwood, 11 Paige, 374; Green v. Davis, 118
Mo. App. 643.

*John L. Schmitz* for the respondent.

(1) An interpleading suit involves two successive
litigations—one between the plaintiff (in the bill) and
the defendants upon the question whether the defend-
ants shall interplead—the other between the different
defendants, i. e., the interpleading itself. The support
of these litigations are wholly separate and distinct,
and, therefore, they require separate allegations and
separate proofs. Roselle v. Bank, 119 Mo. 92. (2)
It is only where plaintiff denies the right of one of
the claimants in the interpleader itself that he can
have no relief. Defendant is not denying the right
of any claimant, she is asserting that there are
several claimants and she is in doubt which one is en-
titled to the fund. Insurance Co. v. Reed, 81 Cal. 145,
22 Pac. 484; Jacobson v. Blackhurst, 2 John. & H.,
486. (3) When it appears that there are conflicting
claims to a sum of money in the hands of a person,
each of the claimants with a color of, or apparent right
to the money, and the person holding the money, being
disinterested as to the rights of either, would hazard
a suit by the other if he paid to either, he may main-
tain a bill of interpleader. Roselle v. Bank, supra;
Hayden's Executors v. Marmaduke, 19 Mo. 403;
Keener v. Grand Lodge, 38 Mo. App. 543; Sullivan v.
Knights, 73 Mo. App. 43; State ex rel. v. Kumpff, 62
Mo. App. 335; 3 Pomeroy Eq. Jur., sec. 1320; David-
son v. Hough, 165 Mo. 561; Woodmen v. Wood, 100

172 Mo. App. 13

Mo. App. 655; Love v. Insurance Co., 153 Mo. App. .144; Little v. Union Trust Co., 197 Mo. 281. (4) Defendant bore a dual relation to the fund in question— .as the recipient and holder of the fund she was abso- :lutely impartial between the claimants. In her ca- :pacity as executrix, in which she should be treated as another person, she is entitled to assert any claims she may have thereto. The law recognizes that a person may act in dual capacities. Marshall v. Myers, 96 Mo. App. 643; Ross v. Barclay, 18 Pa. St. 179; Compton v. McMahan, 19 Mo. App. 504-511.

: .ELLISON, P. J.—This action was brought to recover four thousand four hundred dollars and sixty-seven cents from defendant as money in her hands arising from the sale of lands alleged to. belong to plaintiff. Defendant's answer was an admission of funds in her hands, but set up that other parties were claiming it. That she had no individual interest in the matter, but was subject to be harrassed by the other claimants and to become liable to them. She prayed that she be allowed to pay the money in her hands into court and that plaintiff and the other claim- ants be required to interplead therefor, and that she be discharged. The trial court found for the defend- ant and ordered her to pay the money into court, and plaintiff has brought the case here.

: . It appears plaintiff's mother, Esther Gee, owned a tract of land in Livingston county, Missouri, which she deeded to plaintiff by warranty deed on the 10th of. August, 1911. That shortly thereafter, on the 22d of August, 1911, plaintiff conveyed the land to one Eckelberry and placed the deed in defendant's hands to deliver to Eckelberry and receive the balance of the purchase money due from him and that she delivered the deed and received from Eckelberry the balance of the purchase money, which she had in her possession when she filed her answer. But it appears that Esther

Gee made a will on the 10th of September, 1910, in which she devised to plaintiff the land in question which she afterwards deeded to him as above stated. By the terms of the will this devise was made subject grandchildren, children of a deceased daughter, and to the payment of five hundred dollars each to six five dollars each to two grandsons. Defendant was named in this will as executrix and she was duly given letters by the probate court.

These grandchildren claim that the deed from their grandmother to the plaintiff was not to convey him the title as his own, but that he might be enabled to make a proper conveyance to whoever might become a purchaser, and that the equitable title remained in their grandmother, and that upon a sale by plaintiff the purchase money was to be turned over to the grandmother. The grandchildren further claim that as plaintiff was only a trustee for their grandmother, that the sums of money bequeathed to them in the will should be paid to them out of the fund thus in defendant's hands, while plaintiff, as stated in his petition, claims the entire fund unencumbered by a trust or charge.

Defendant insists that while she disclaims any personal interest in the controversy, yet if the deed to plaintiff from his mother was for the purposes we have stated, she, as executrix, ought to have possession of it in that character and distribute it according to law —that is, to whoever it may be determined is legally entitled to it.

The only question presented is whether the trial court was right in holding that defendant had shown a right to have plaintiff and the other claimants interplead for the money thus claimed by them. We recognize the law as stated by us in Swain v. Bartlett, 82 Mo. App. 642, that in order to entitle one to maintain a bill of interpleader, he must be entirely indifferent between the conflicting interests, and "must not have

lent himself in any way to further the claim of either party to the fund in controversy;'' and such seems to be defendant's position.

Defendant did not voluntarily become the agent of plaintiff; her understanding was that he was a mere trustee for the conveyance of the title. We do not understand how this case is to be distinguished in principle from Roselle v. Farmers Bank, 119 Mo. 84. There a draft in Roselle's name was deposited by him in the bank and by it collected and it afterwards refused to pay him the money. He brought suit and the bank's answer admitted these facts, but set up that while he was the apparent owner of all the money, he was in reality only rightly entitled to a part, and that the other parts (one-seventh each) were claimed by other parties. It was held that the bank was entitled to be relieved of the responsibility of paying out the money to the proper parties; that in effect the bank was a mere stakeholder of the fund. The court remarked that with the rights of the respective claimants it had nothing to do. And so we say in this case that we have no concern with the merits of the controversy between the claimants and make no intimation as to the legal right. That is a matter for adjudication when the issues are formulated between them.

The judgment is affirmed. All concur.