CITY OF BRUNSWICK, Appellant, v. PEOPLES SAVINGS BANK, Respondent.

Kansas City Court of Appeals, November 27, 1916.

1. **NEGOTIABLE INSTRUMENTS: Bank Check: Certified Check: Delivery: Discharges.** When a bank at the request of the drawer of a check certifies it before delivery to the payee and it is then delivered, the certification does not discharge the drawer if the check is not paid on due presentment. The certification of such a check merely vouches for its genuineness and that it will be paid, thereby aiding its negotiation.

2. **————: ————: Uncertified Check: Delivery: Discharge.** If the payee receives an uncertified check from the drawer, and, instead of drawing the money, has it certified by the bank, he discharges the drawer and accepts the bank as his sole debtor.

3. **————: ————: Presentment: Drawer: Discharge.** If the drawer gets the bank to certify a check and then delivers to the payee and the latter neglects to present it to the bank, in due course, the drawer is discharged to the extent of his injury.

4. **Interpleader: Bank Check.** A prospective bidder on street paving in compliance with the city's regulation, delivered to the city his certified check for $500 as a guaranty of his good faith and that he would do the work if he was the successful bidder. He was awarded the contract, but discovered that the proceedings for the paving were so irregular as to make them illegal. He thereupon refused to do the work, and notified the bank not to pay the check. The city then, after three weeks had expired, presented the check to the bank for payment and on being refused brought suit on the check. The bank's answer was in the nature of an interpleader, setting up the claim of the drawer and asking that he be brought in and he and the city be required to interplead for the money. It was *held*, to be a proper case for an interplea.

Appeal from Livingston Circuit Court.— *Hon. Arch B. Davis*, Judge.

ᵂFIRMED.

*C. W. Bowen* and *Lewis D. Chapman* for appellant.

*Paul D. Kitt* for respondent.

ELLISON, P. J.—This is an action on a certified bank check and defendant's answer·was in the nature of an interpleader.

Plaintiff city was about to let a paving contract and one John F. Meek was a prospective bidder for the work. Under the regulations of the city it was necessary that a bidder should pay five hundred dollars, or deposit a certified check for that sum as an assurance of his good faith in bidding and his intention to do the work, if the contract should be awarded to him. Meek thereupon drew his check on defendant bank in favor of plaintiff for five hundred dollars and had the bank certify it for him and the bank charged that amount of money off his account, placing it on the certified check account. Meek then delivered the check to the plaintiff city and was afterwards the successful bidder for the paving.

But it appears the preliminary proceedings taken by the city for the paving appeared to Meek and his attorney to be so irregular and illegal that Meek refused the work and notified defendant bank not to pay the check; that if it did so he would institute suit for the money. Sometime afterwards plaintiff demanded payment of the check of the defendant bank and being refused, instituted this action. As above stated defendant's answer was in the nature of a bill of interpleader, wherein, after setting up facts substantially as here stated and stating its willingness to pay to the party entitled, it asked that Meek be required to interplead and the court render judgment for the party legally entitled to the money.

Plaintiff demurred to the answer and the trial court overruled it; whereupon plaintiff refused to make further plea and judgment was entered requiring Meek to interplead and plaintiff appealed; and as ground therefor says that the bill of interpleader shows on its face an absolute indebtedness to plaintiff and that no facts are disclosed therein showing any legal claim against the defendant bank by Meek.

When a bank at the request of the drawer of a check certifies it before delivery to the payee and it is then delivered, the certification does not discharge the drawer if the check is not paid on due presentment. The

certification simply vouches for the genuineness of the check and that it will be paid on presentment; and merely adds to its easy negotiation by adding the promise of the bank. [Born v. Bank, 123 Ind. 78; Oyster & Fish Co. v. Bank, 51 Ohio St. 106; Minott v. Russ, 156 Mass. 458; 128 Am. St. Rep. 691 and 696.]

But if the holder receive an uncertified check, and instead of drawing the money has it certified, he discharges the drawer, for he has accepted the bank as his sole debtor; the same as if he had drawn the money, then deposited it and taken a certificate of deposit for it. [Met. Nat's Bank v. Jones, 137 Ill. 634; Born v. Bank, 123 Ind. 78; Oyster & Fish Co. v. Bank, 51 Ohio St. 106; 128 Am. St. Rep. 691 and 696.] And this has been embodied in our negotiable instrument act. [Sec. 10158, R. S. 1909.]

If the drawer gets the bank to certify his check and then delivers it to the holder and the latter neglects to present it to the bank for payment in due course, the drawer is discharged to the extent he suffers by the delay. [Sec. 10156, R. S. 1909; Heartt v. Rhodes, 66 Ill. 351; Blair v. Wilson, 28 Gratt. 165, 171; Larson v. Breene, 12 Colo. 480, 484.]

In the present case the plaintiff city held the check for nearly three weeks before presenting it to the bank. This discharged Meeks from his obligation as drawer (if he was under any obligation) and left the city to look to the bank alone, if it had a right to look to anybody. So if Meek, on account of transpiring facts, as to the invalidity of the proceeding for paving, was not under any obligation to the city, he did not need the circumstance of delayed presentation to discharge him, for he owed nothing to the city. If he owed nothing to the city, it would be a wrong upon him for the bank to pay out his money which had been set apart for the payment of the check and he had a right to demand it back from the bank.

The matter then stands with a dispute between Meek and the city, the bank caught between the two, and willing to pay to either, as the law may determine on a contest between them as contemplated by the law in relation

to interpleader.   [McGinn v. Bank, 178 Mo. App. 347;
Session Acts 1915, p. 148, sec. 94.]   In the present status
of the case we have no interest in that contest and know
nothing of its merits.   [Gee v. Leaver, 172 Mo. App.
191, 196.]

We conclude the trial court was right in overruling
the demurrer and affirm the judgment.   All concur.