## CHARLES BATHGATE, Appellant, v. EXCHANGE BANK OF CHULA, Respondent.

Kansas City Court of Appeals, May 20, 1918.

1. **BANKS AND BANKING:** Certified Checks: Interpleader. Under the circumstances of this case, a bank holding a certified check on which payment is stopped has the right to have contending claimants to the fund affected by the check, litigate and judicially determine who is rightfully entitled thereto.

2. ———: ———: ———. A bank certifying a check at the request of the drawer, does not agree that it would pay the check at all events, but only that the amount thereof would be forthcoming if delivired and when presented by one lawfully entitled thereto.

3. **PLEADING:** Interpleader. The fact that a bank, interposing its plea for a bill in the nature of an interpleader, did not follow the steps laid down in- section 94, Laws 1915, page 148, is not fatal since that act says: "The remedy provided in this section shall be in addition to and not in exclusion of remedies now or hereafter existing."

Appeal from Livingston Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED.

*Scott J. Miller* and *Lavelock & Kirkpatrick* for appellant.

*Paul D. Kitt* and *L. A. Chapman* for respondent.

TRIMBLE, J.—This is an action upon a certified check for $2000 drawn on the defendant bank by one, O. T. Larson, and in which plaintiff was made payee. The defendant's answer was in the nature of a bill of interpleader. The trial court overruled plaintiff's demurrer to the answer and plaintiff thereupon filed a reply. The chancellor then heard the evidence, sustained the prayer for an interpleaer, ordered the defendant bank to pay the amount of the check into court, directed that summons returnable to the next term be issued bringing Larson into court and that he and plaintiff be required to interplead for the fund and that defendant bank be discharged from all further liability. Plaintiff has appealed claiming, first, that defendant was not entitled to maintain a plea in the nature of a bill of interpleader nor to a judgment directing an interpleader be had; and second, that under the evidence, judgment should have been rendered in plaintiff's favor for the amount of the check.

On March 7, 1917, Bathgate and Larson entered into a contract with each other whereby the former agreed to trade a Polo stock of drygoods and groceries, at marked wholesale price plus 10 per cent, for the latter's farm at $100 per acre subject

to a mortgage thereon of $15000 which Bathgate was to assume, the excess price of the farm above the value of the merchandise to be paid by Bathgate to Larson in cash. It was agreed in the contract that each party should put up $2000 in cash as forfeit money, the same to be forfeited by the party that failed to comply with his contract. Afterward, it was agreed that, in lieu of the $2000 cash, each party should have his check certified and put it up in escrow, so to speak, with the First National Bank of Polo along with the contract until the trade could be consummated, when that was accomplished each was to take down his check. This was done, the drawer of each check getting his respective bank to certify it for him. Larson drew his check (the one here in suit) on the defendant, Exchange Bank of Chula, and had the First National Bank of Polo to send it to the Chula bank for certification and return to the Polo bank to be then put up with said contract. Before the check reached the Chula bank, Larson went to the Chula bank in person and requested them to certify it for him when it came in. The bank did so on March 8, 1917, and returned it to Polo bank where it was then put up along with the contract and Bathgate's certified check.

The parties to the contract then entered upon an invoice of the stock of merchandise. In the course thereof Larson charged Bathgate with fraud in substituting other goods on him or in bringing other goods into the store to be invoiced to him at the contract price which were not in the stock or a part thereof at the time the trade was made, and which he also claimed were worthless. Not being able to come to an adjustment of the difficulty, Larson refused to proceed further, and, claiming that Bathgate was not performing the contract but had violated it, left town.

Bathgate applied to the First National Bank of Polo for Larson's check and when delivery thereof to him was refused, he obtained *ex parte* affidavits from certain parties that Larson had thrown up or re-

fused to go on with the trade. Thereupon the Polo bank delivered Larson's check to Bathgate. But before Bathgate could present it to the defendant Chula Bank for payment, Larson notified said last named bank not to pay it as Bathgate was not entitled to the check because of his fraud and the breaking of his contract. Larson further notified the defendant bank that if it did pay the money thereon to Bathgate after notice that he was not entitled to said check, he, Larson, would sue the bank for so doing.

Under the conceded circumstances and the facts as found by the court, the defendant bank was entitled to the relief asked and granted by the court, namely, the right to have the contending claimants to the fund affected by the check litigate and have judicially determined who was rightfully entitled thereto. [Roselle v. Farmer's Bank of Norborne, 119 Mo. 84; Gee v. Leaver, 172 Mo. App. 191; Maginn v. Interstate National Bank, 178 Mo. App. 347; City of Brunswick v. People's Savings Bank, 190 S. W. 60.]

The fact that the defendant bank certified the check does not destroy the bank's right to require an interpleader, for, in this case, the bank certified the check at the request of the *drawer* and not of the payee or holder. This fact makes a vast difference in the matter of the bank's liability. And the fact that the bank knew, at the time the check was certified, that it was to be put up with the Polo bank for the purposes above indicated does not change the situation. For the check was not to be unconditionally delivered to the payee. It had not then been delivered to him and was to be delivered only in case of a certain contingency. It never was delivered to the plaintiff by the drawer or with his consent. The Polo bank delivered the physical possession of the check to the plaintiff, but this, of itself, did not make plaintiff the *holder* thereof nor entitle him to demand payment. [Sec. 10022, R. S. Mo. 1909.] Whether he was the lawful holder thereof depends upon whether he or Larson

violated the contract. And this is a question which could only be finally determined by an adjudication of that issue *between them*. If the defendant bank should itself attempt to make that decision, it would do so only at its peril. The bank, in certifying to the check at the request of the drawer, did not agree that it would pay the check at all events, but only that the amount thereof would be forthcoming if delivered and when presented by one lawfully entitled thereto [McGinn v. Interstate Bank, 178 Mo. App. 347, 354; City of Brunswick v. People's Savings Bank, supra.] Hence the certification was not the creation of a new, independant liability which would defeat the bank's right to have the parties interplead. Before a bank becomes unconditionally liable on a check, it must accept or certify it. [Sec. 10159, R. S. Mo. 1909.] The effect of a certification of a check by the bank upon which it is drawn depends upon whether it is done at the request of the drawer or of the holder. [Times Square Auto Co. v. Rutherford Nat'l. Bank, 77 N. J. L. 649; City of Brunswick v. Savings Bank, supra, and cases cited.] *Complete* certification does not arise until a check has been delivered to the payee or holder. [Morse on Banks and Banking, sec. 411.] And it is not until the certification is complete that the bank becomes bound as a direct and orginal promisor to the payee. [Morse on Banks and Banking, sec. 414.] Now, so far as the defendant bank is concerned, it does not know and cannot ascertain, except at its peril, whether said check was legally delivered and whether plaintiff is the lawful holder thereof or not. It is true, it, by its certification, has agreed to pay the same to the lawful holder thereof; but was it rightfully delivered, and is plaintiff such lawful holder? Defendant performs its obligations as to payment by turning the proceeds into court, requiring the drawer and payee of the check to litigate between themselves the question whether it was rightfully delivered and whether plaintiff is the lawful holder. In the case of an uncertified check, the bank, after receiving notice of a dispute as to the holder's right to

its possession, cannot pay it except at its peril. And the certification thereof at the drawer's request does not lessen, in any degree, its obligation to pay it *only* in case the check was in fact rightfully delivered; nor does such certification add an unconditional duty to pay said check to plaintiff regardless of whether it had been rightfully delivered to him.

Point is made that the bank, in certifying to the check with knowledge of the situation, made a contract with Larson for plaintiff's benefit. But we do not think plaintiff is entitled to recover of the bank on that theory since the scope of the contract is not broad enough to enable plaintiff to invoke that principle. Certainly the bank did not contract *with plaintiff* nor did it lead plaintiff to think that it did. Nor, indeed, did it do more than contract *with Larson* that payment of said check would be forthcoming *if* and *when* presented by one lawfully entitled thereto. The check was never to be presented or paid at all except upon a certain contingency. Whether that event had happened or not could not be determined so as to bind Larson and clearly relieve the bank of liability to him for paying the check to plaintiff after notice not to, unless Larson was first afforded an opportunity to litigate with plaintiff the issue as to who was responsible for the breaking of the contract. This he can do upon the interpleader ordered by the court.

It is said defendant is not entitled to demand an interpleader since the first National Bank of Polo was the stakeholer and not defendant. It is true the Polo bank was the stakeholder as to the physical possession of the contract and checks; but that fact does not change the further fact that the defendant bank, by reason of circumstances then existing and subsequently arising, is the holder of the fund over which two persons assert conflicting claims, with sufficient doubt as to whom it should be paid so as to prevent the bank from paying it to either without running the risk of being sued by the other. [Supreme Council Legion of Honor v. Palmer, 107 Mo. App. 157, 164.]

The fact that the bank, in interposing its plea for a bill in the nature of a bill of interpleader, did not follow the steps laid down in section 94, Laws 1915, page 148, is not fatal since that act says: "The remedy provided in this section shall be in addition to and not in exclusion of remedies now or hereafter existing."

In our view of the case the judgment should be affirmed. It is so ordered. All concur.