LAFAYETTE-SOUTH SIDE BANK & TRUST COMPANY, A CORPORATION, RESPONDENT, v. ALICE SIEFERT, EXECUTRIX OF THE WILL OF KATHARINA ROSE, AND EMMA DIPPEL, APPELLANTS.*—18 S. W. (2d) 572.

St. Louis Court of Appeals.   Opinion filed July 2, 1929.

*Corpus Juris-Cyc References: Appeal and Error, 3CJ. section 323, p. 493, n. 82; Interpleader, 33CJ, section 2, p. 420, n. 12; section 36, p. 452, n. 65.

*Ebenhoh & Johnson* for appellant, Emma Dippel.

*Frank X. Hiemenz* for respondent.

HAID, P. J.—This suit was instituted by the Lafayette-South Side Bank & Trust Company against Alice Siefert, Executrix of the will of Katharina Rose, and Emma Dippel. The petition alleged that the plaintiff's predecessor issued to Catherine Rose its two certificates of deposit in the sum of $1000 each, payable to Catherine Rose or Emma Dippel, either or the survivor, at maturity; it alleged that Catherine (or Katharina her correct name) died testate in July, 1927, and that Alice Siefert, Executrix of the will of Katharina Rose and Emma Dippel have both demanded payment of said certificates and each have notified plaintiff not to pay the same to the other; that the executrix claims the full amount of the certificates for the alleged reason that the money represented thereby is and was

at all times the property of the deceased and that Emma Dippel had no interest therein whatsoever and that Emma Dippel demands payment of the sum according to the terms of the certificates; that plaintiff has no interest in the controversy; that it is obliged and obligated to pay the face value of said certificates to the person legally entitled thereto; that it cannot determine which of the demandents is legally entitled to the sum represented by the certificates and asks the court to relieve it of the burden of determining which one of the defendants is legally entitled thereto; that it be permitted to pay the amount of said certificates into the registry of the court and that the defendants be ordered and directed to interplead for such sum.

To this petition the defendant Emma Dippel filed a demurrer which demurrer was overruled by the court. Thereupon Emma Dippel filed her answer and subsequently Alice Siefert, Executrix of the will of Katharina Rose, filed her answer, each of the defendants admitting that it was claiming the fund. Thereupon the court made an order without hearing evidence, sustaining the bill of interpleader and ordered plaintiff to pay into the registry of the court the sum of $2000, plus interest thereon, less $200 attorneys fee allowed the plaintiff and ordered that thereupon the plaintiff stand discharged from further liability. The plaintiff paid the money into court and in turn its attorney was paid the fee of $200 allowed by the court. From the order thus sustaining the petition and discharging the plaintiff from further liability Emma Dippel has prosecuted this appeal. The appellee contends that this court is without jurisdiction because the order or judgment referred to is not such a final judgment or decree that an appeal may be prosecuted therefrom.

Section 1469, Revised Statutes 1919, provides: "Any party to a suit aggrieved by any judgment . . . from which an appeal is not prohibited by the Constitution, may take an appeal to a court having appellate jurisdiction" from certain orders mentioned in the statute "or from *any* final judgment in the case."

Is the order permitting the plaintiff to deposit the money in the registry of the court and discharging it from further liability such a final judgment that it may be appealed from? As we view the situation, an action of this character really involves two actions or litigations, one between the plaintiff and all the defendants as to whether they shall be required to interplead for the fund, and the other an action between the defendants, if the plaintiff's petition to require them to interplead is sustained. [Roselle v. Farmers' Bank of Norborne, 119 Mo. l. c. 92, 24 S. W. 744; Novinger Bank v. St. Louis Union Trust Co., 196 Mo. App. l. c. 344, 189 S. W. 826; 33 C. J. p. 446, sec. 28.]

As is said by the court in the case of Duke, Lennon & Co. v. Duke & Woods, 93 Mo. App. 1. c. 250, "The subjects of these two litigations are wholly *separate and distinct*, and, therefore, require separate and distinct allegations and proofs. In such case the only decree that plaintiffs can have is that the defendants do interplead. When this is obtained, the plaintiff is altogether out of the suit, leaving the interpleading defendants alone to contest their conflicting claims. After the withdrawal of the plaintiff from the case, the controversy is then solely and exclusively carried on between the interpleaders claiming the fund."

The question here involved does not appear to have been directly decided, but we find four cases in this State in which appeals prosecuted from similar orders have been entertained and, therefore, by silence, at least, the court in each of those cases sustained the right to an appeal from such an order. [See Gee v. Leaver, 172 Mo. App. 191, 157 S. W. 842; City of Brunswick v. People's Savings Bank, 194 Mo. App. 360, 190 S. W. 60; Bathgate v. Exchange Bank, 199 Mo. App. 583, 205 S. W. 875; Smith v. Grand Lodge, 124 Mo. App. 181, 101 S. W. 662.

The case of Merchants Exchange Mutual Benefit Society v. Sessinghaus, 59 Mo. App. 106, seems to announce a rule to the contrary, but an examination of that decision discloses that there a demurrer by one of the defendants to the bill was sustained and an appeal was taken from that order without a dismissal having been entered as to the other defendant, this court stating that the trial court should have dismissed the bill as to all the defendants, since the trustee could interplead with no one after the only defendant with whom they could have interpleaded was really out on demurrer.

In the case of Harrison v. Scott, 72 Mo. App. 658, an appeal was dismissed by this court, but there an order had simply been made directing a summons to issue against certain parties to interplead and as the opinion shows, "The rights of no party to the suit are adjudicated by the order; no one is discharged from the suit."

It is true that our courts have used expressions which would seem to foreclose the right of the appellant to an appeal in this case as that a judgment entry is not final so as to justify an appeal unless it makes some disposition of all the parties to the record, (Webb v. Kansas City et al., 85 Mo. App. 1. c. 149; Rock Island Implement Co. v. Marr, 168 Mo. 1. c. 257, 67 S. W. 586; State ex rel. Dunklin County v. Blakemore, 275 Mo. 1. c. 702, 205 S. W. 626; Morton v. Lloyd Construction Co., 280 Mo. 1. c. 373, 217 S. W. 831, and many other cases) but the statement of the courts in that respect must be considered with reference to the facts in those cases and the statutory provisions concerning the entry of judgment. Section 1528, Revised Statutes 1919, is to the effect that, "When there are several defend-

ants in a suit, and some of them appear and plead and others make default, an interlocutory judgment by default may be entered against such as make default, and the cause may proceed against the others; but only one final judgment shall be given in the action.'' This statute, therefore, has reference to a case in which a plaintiff seeks recovery against several defendants, and, accordingly, the courts have held that you cannot have judgment against one of the defendants leaving the cause of action pending against others, but in the case covered by the statute, you may have an interlocutory judgment against one or more of the defendants which may be made final when the cause is disposed of as to the remaining defendants. In accordance with this statute and these decisions, the following orders have been held to be interlocutory only: a decree entitling plaintiff to redeem property on payment to the defendant of an amount to be ascertained by Referee and ordering an accounting (Dieckhart, Trustee, v. Rutgers, 45 Mo. 132); an order finding plaintiff was endowed of certain lands but failed to determine the yearly value of the widow's dower (Strickler v. Tracy, 66 Mo. 465); an order appointing Commissioners in a condemnation suit (St. Joseph Terminal Ry. Co. v. Hannibal & St. J. Ry. Co., 94 Mo. 535, 6 S. W. 691); a judgment on demurrer entered in favor of one defendant leaving the cause pending as to others (Voorhis v. Western Union B. & F. Assn., 59 Mo. App. 55; Sater v. Hunt et al., 61 Mo. App. 228; Harman v. Blackstone, 61 Mo. App. 254; Pittsburg Plate Glass Co. v. Peper et al., 96 Mo. App. 595, 70 S. W. 910; Rock Island Implement Co. v. Marr, 168 Mo. 252, 67 S. W. 586); an order sustaining a motion to dismiss as to all but one defendant, leaving the cause pending as to that one (Webb v. Kansas City et al., 85 Mo. App. 148); an order sustaining a demurrer but no judgment entered in pursuance thereof (Spears v. Bond, 79 Mo. 467); an order appointing Commissioners to reappraise and admeasure a homestead (Macke v. Byrd, 109 Mo. 487, 19 S. W. 70); an order setting aside a release in which the petition contained two counts, one to set aside the release, the other for damages for injuries sustained by reason of the negligence of the defendants, leaving the second count undisposed of (Russell v. St. Louis & Sub. Ry. Co., 154 Mo. 428, 55 S. W. 452).

We are confirmed in the view we have expressed, by the provision of the statute allowing appeals, in the use of the expression, ''from any final judgment in the case.'' If there might be but one final judgment it would seem to us that the Legislature would have used the word ''the'' instead of the word ''any'' and, therefore, we conclude that the Legislature must have had in mind just such a situation as is before us here.

The judgment appealed from in this case is a final judgment as between the plaintiff and all of the defendants concerning its right to

require the defendants to contest between themselves their respective rights to the fund authorized to be deposited under the order of the court. It finally discharges the plaintiff from all further liability in the case and the plaintiff has absolutely no interest in the contest to be thereafter waged between the parties to the suit. After the entry of that order all further considerations relate wholly to the claims which the defendants may assert to the fund in question in which the plaintiff has no interest whatever.

For the reasons thus assigned, we conclude that the judgment appealed from is such a final judgment as that this appeal may be maintained.

We come, then, to a consideration of whether, under the facts alleged in the petition in this case, there was such a case made as would justify the action of the court in permitting the plaintiff to deposit the fund in court, discharging it from further liability and requiring the two defendants to interplead for the fund.

The only allegation in the bill or petition is that the one defendant claims the fund under the right of survivorship and that the other defendant "claims the full amount of said certificates of deposit as executrix of the will of Katharina Rose for the alleged reason that the money represented thereby is and was at all times the property of Katharina Rose, deceased, and that the defendant, Emma Dippel, had no interest therein whatsoever."

It is stated in 33 C. J., p. 431, sec. 16(d) that, "A mere assertion of claim by another, without alleging anything whatever on which to base it, is not enough to sustain an interpleader. There must be reasonable ground of uncertainty as to which claimant is entitled to the fund, and a bona-fide controversy between rival claimants. Where the petitioner may be discharged from all liability by paying the money to one of the claimants, an interpleader will not be sustained."

In the case of Nassau Bank v. Yandes (44 Hun.), 51 N. Y. S. 1. c. 59, after discussing various cases concerning the rule upon this question, the court says: "It is not necessary to consider other authorities in order to show that the rule now is that a *reasonable* doubt must exist in order to justify the bringing of an action of interpleader, and that any doubt is not sufficient as was said in the case of Atkinson v. Manks, 1 Cow. 705."

To the same effect is McCullen v. Metropolitan Life Ins. Co., 2 Pa. D. R. p. 361, and Pouch v. Prudential Ins. Co., 204 N. Y. 281, Ann. Cas. 1913C, p. 1193. The plaintiff, respondent, relies upon the case of Smith v. Grand Lodge, 124 Mo. App. 181, 101 S. W. 662, to the effect that where the stakeholder has been actually forbidden by one of the claimants to pay over the funds to another, he is not bound to exercise any judgment in the matter but is permitted to discharge

himself by invoking the aid of the court. We think, however, that that case must be considered with reference to the facts there present, because the court calls attention to the fact that the interpleader comes in after three suits were filed against the stakeholder.

Under the provisions of sections 11779 and 11840, the first section having reference to deposits made in banks and the latter with reference to deposits made in trust companies, the wording of the statutes being the same in other respects, it is provided that when a deposit is made in the name of the depositor and another person, and in form to be paid to either or the survivor of them, such deposit and any additions thereto made by either of such persons shall become the property of such persons as joint tenants, and the same, together with all interest thereon, shall be held for the exclusive use of the person so named, and may be paid to either during the lifetime of both or to the survivor after the death of one of them; and such payment and the receipt or acquittance of the one to whom such payment is made shall be a valid and sufficient release and discharge to said bank for all payments made on account of such deposit prior to the receipt by the bank of notice in writing signed by any one of such joint tenants not to pay such deposit in accordance with the terms thereof.

There is no allegation in the bill that the testatrix had given notice to the bank, previous to her death, not to pay such deposit in accordance therewith.

In view of the fact that it is settled law in this state that absent an allegation and proof to the contrary, a deposit of the character here in question constitutes a completed donation by which the fund becomes a joint fund passing to the survivor on the death of one of the parties to it (Commonwealth Trust Co. v. Du Montimer et al., 193 Mo. App. 290, 306, 183 S. W. 1137; Ball, Executor, v. Mercantile Trust Co. et al., 220 Mo. App. 1165, 1175, 297 S. W. 415; Mississippi Valley Trust Co. v. Smith et al. (Mo.), 9 S. W. 2d. 58, 62), we think the petition in this case is entirely lacking the allegations necessary to sustain it as a bill of interpleader.

The trial court, therefore, was in error in authorizing the plaintiff to deposit the fund in court, and in making it an allowance for its attorneys fee out of such fund, discharging plaintiff from further liability and ordering the defendants to interplead for the fund.

The order or judgment of the trial court is, therefore, reversed. *Becker* and *Nipper, JJ.,* concur.